## 56476. DILLARD v. THE STATE.

WEBB, Judge.

On appeal of his conviction of the crime of theft by receiving stolen property, felony, John Stephen Dillard enumerates 22 alleged errors. We find no merit in any of them, and affirm.

The indictment charged that Dillard did "receive from James Henry Walker and Eddie Lane stolen property, to wit: one thousand sheets of corrugated steel, property of Tifton Steel Products Company, Inc., of the value of seven thousand dollars, knowing said property was stolen; said property not having been received with

intent to restore it to the owner."

1. The first four alleged errors are known as the "general grounds." This court does not pass on the weight of evidence—that is within the province of the jury, and the trial judge in his ruling on the general grounds. The sufficiency of the evidence is considered by the appellate courts. *Ridley v. State,* 236 Ga. 147, 149 (223 SE2d 131) (1976); *Paul v. State,* 144 Ga. App. 106 (1) (240 SE2d 600) (1977). The record here indicates there was sufficient evidence to authorize the jury's verdict of guilty.

2. Enumeration 5 charges the trial court with error in denying and overruling the accused's "general demurrer and motion to quash." The demurrer, filed three days after arraignment, attacked the sufficiency of the description of the stolen property. The trial court properly held it to be a special demurrer and untimely filed. "A demurrer to an indictment may be general or special. A general demurrer challenges the very validity of the indictment and may be raised anytime; the special objects merely to its form or seeks more information and must be raised before pleading to the indictment . . . [A] special demurrer is waived if not raised before pleading to the merits of the indictment." *State v. Eubanks,* 239 Ga. 483, 485, 486 (238 SE2d 38) (1977).

3. Objection was made to admitting testimony of Olan Webb, Jr., sales manager of Tifton Steel Products, as to an inventory taken at the company. Regardless of whether it would have been error to admit the testimony, the trial court after having first overruled the objections, the next morning struck that portion of the witness' testimony relative to the results of certain inventories, and instructed the jury to disregard that testimony. We conclude that the error charged as Number 6 is without foundation. Nor did the trial court err in denying Dillard's motion for mistrial on this ground, as contended in Enumeration 17.

4. Dillard assigns as errors 7, 8, 9, 10, 11 and 12 the admission of certain photographs. Each was identified by various witnesses as being a true and accurate representation of what it purported to depict. They were admissible to illustrate the testimony concerning the steel shown in each picture. "The quantum of evidence

required to sufficiently identify photographs as true and accurate representations of what they purport to depict is a matter to be left within the discretion of the trial court." *Johnston v. State,* 232 Ga. 268, 270 (1) (206 SE2d 468) (1974); *Adams v. State,* 142 Ga. App. 252, 254 (5) (235 SE2d 667) (1977). There was no abuse of discretion in admitting the photographs.

5. Dillard charges as error 14 the trial court's admitting into evidence over objection a check for $350, payable to Steve Dillard, asserting that there was no authentication of the purported signature on the check. The check was identified by a witness as being drawn on his account and having been delivered by him to Steve Dillard. Code Ann. § 38-701.

6. For errors 15 and 16 Dillard contends the trial court erred in admitting the testimony of both Donnie Dillard and Jimmy Chapman on the question of motive, scheme and bent of mind of the felon. These other transactions about which they testified occurred during a period of time when Dillard was making the same type of purchases, which were a part of the same overall course of conduct. The evidence was admissible. *Marshall v. State,* 231 Ga. 89 (2) (200 SE2d 268) (1973).

7. Enumerations 13, 18, 19, 20, 21 and 22 are without merit, have no citation of authority or substantial argument, and will not be considered other than as abandoned. Rule 18 (c) (2) (Code Ann. § 24-3618 (c) (2)); *Adams v. State,* 142 Ga. App. 252 (1), supra.

We find no reversible error and the evidence was sufficient to support the verdict.

*Judgment affirmed. Quillian, P. J., and McMurray, J., concur.*

ARGUED SEPTEMBER 6, 1978 — DECIDED OCTOBER 2, 1978 — REHEARING DENIED OCTOBER 18, 1978 —

*Wilson & Rigdon, Jim L. Wilson, Fred W. Rigdon, Jr.,* for appellant.

*Thomas H. Pittman, District Attorney, Thomas D. Watry, Assistant District Attorney,* for appellee.