## 58619. BEARD v. THE STATE.

SOGNIER, Judge.

Beard was convicted in the Superior Court of Richmond County of armed robbery. On appeal Beard contends that the verdict is not supported by the evidence and that the trial court erred in denying his motion for a mistrial.

The evidence authorized the jury to find that on the night of October 3, 1977 Lonnie's Lite and Nite Market in Augusta was robbed by two men, one of whom was carrying a small handgun. Beard was identified positively by Mrs. Gladys Reeves, who was on duty as the cashier when the store was robbed. Mrs. Bessie Mae Twiggs, who was working next door saw Beard and another man run past just after she learned there was a robbery. Mrs. Twiggs, who identified Beard, had known him for about 15 years prior to the robbery. Mrs. Reeves testified that Beard was the man who pointed the gun at her and took all the money from the cash register. Beard denied being involved in the robbery, testifying that he was picking his wife up from work at the time, and the police were on the scene when he drove by with his wife about 10:15 p.m. Beard's wife corroborated his testimony, but all other testimony indicated the robbery occurred around 11:00 p.m.

1. This evidence is more than sufficient to authorize the conviction. Credibility of witnesses and the weight accorded their testimony rests solely with the trier of fact — in this case, the jury. *State v. Smith,* 134 Ga. App. 602 (215 SE2d 345) (1975). "This court passes on the sufficiency of the evidence, not its weight, which was considered by the jury." *Paul v. State,* 144 Ga. App. 106 (240 SE2d 600) (1977); *Dillard v. State,* 147 Ga. App. 587, 588 (249 SE2d 640) (1978). Conflicts in the testimony of witnesses are a matter of credibility for the jury to resolve. *Fisher v. State,* 151 Ga. App. 93 (258 SE2d 920) (1979). We find that a rational trier of fact could reasonably have found from the evidence adduced at the trial proof of Beard's guilt beyond a reasonable doubt. *Fisher v. State,* supra. Thus, Enumeration 1 is without merit.

2. On cross examination of a state witness, defense

counsel asked the question "You arrested him in May, seven months later?" The witness answered "I did not arrest him. He was arrested on another charge." Defense counsel moved for a mistrial on the ground that the question was not responsive, as it called for a single yes or no answer. However, the question was responsive, as the question included a statement "you arrested him . . ." The witness answered that he did not arrest Beard, that he was arrested on another charge. Beard cannot now complain that an answer to a question asked by his counsel was grounds for a mistrial. In a similar case where defense counsel induced the complained of testimony, we held: "Having finally obtained the answer he had been seeking . . . he is in no position now to complain." *Drake v. State,* 142 Ga. App. 14, 15-16 (1) (234 SE2d 825) (1977). "Induced error is impermissible." *Drake,* supra; *Reynolds v. State,* 147 Ga. App. 488, 491 (249 SE2d 305) (1978). Further, after complaining that such testimony was grounds for a mistrial, appellant introduced identical testimony through his wife. Thus, this enumeration is without merit.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

SUBMITTED OCTOBER 15, 1979 — DECIDED
FEBRUARY 21, 1980.

*Archie L. Gleason,* for appellant.
*Richard E. Allen, District Attorney, Patricia Warren, Assistant District Attorney,* for appellee.