## 61473, 61474. SANDERS v. THE STATE (two cases).

SOGNIER, Judge.

Both appellant and his counsel filed a notice of appeal; however, this is one case, appealed on the general grounds.

Appellant was convicted of aggravated sodomy. The victim testified that appellant picked her up in his car and forced her to commit an act of oral sodomy on him. She was shoved out of the car but obtained the license number and called the police. She described the color of the car to the police, gave them the license number, and told them the radio was missing from the car. The police found appellant's car at his home and arrested him; the victim identified appellant in court as the person who committed the offense. She also identified the car which did, in fact, have the radio missing. Appellant denied committing the offense, but testified he was in his car, en route to pick up his wife, about the time the incident occurred.

The weight of the evidence and credibility of witnesses are questions for the triers of fact. *State v. Smith,* 134 Ga. App. 602 (215 SE2d 345) (1975). This court passes on the sufficiency of the evidence, not its weight, which was considered by the jury. *Dillard v. State,* 147 Ga. App. 587, 588 (249 SE2d 640) (1978). We find that a rational trier of fact could find from the evidence adduced at trial proof of appellant's guilt beyond reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), *Fisher v. State,* 151 Ga. App. 93 (258 SE2d 920) (1979).

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED MAY 4, 1981.

*Lawrence L. Washburn III,* for appellant (Case No. 61473).
Leroy Sanders, Jr., *pro se.*

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Russell J. Parker, Benjamin H. Oehlert III, Assistant District Attorneys,* for appellee.