## 65334. RACKOW v. THE STATE.

SOGNIER, Judge.

Appellant was convicted of aggravated sodomy. He appeals on the general grounds, and also contends the trial court erred by denying his motion for a directed verdict of acquittal.

Around midnight Mark Hubbard, an inmate at the Troup County jail, was forced by other inmates to engage in a "boxing match" with another inmate, Howard, in one of the jail's bullpens. Hubbard was knocked against the wall and hit several times, resulting in numerous bruises on his chest. After returning to his own cell, Hubbard was summoned again to the bullpen and forced by threats and intimidation to commit oral sodomy on three inmates, including appellant. The following morning Hubbard reported the incidents to Sergeant McCord, a jailer. Appellant and another inmate lodged in the bullpen denied that appellant engaged in an act of sodomy.

The evidence is sufficient to sustain the verdict. The weight of the evidence and credibility of witnesses are questions for determination by the jury, *Armour v. State,* 154 Ga. App. 740 (270 SE2d 22) (1980), and this court passes on the sufficiency of the evidence, not its weight. *Dillard v. State,* 147 Ga. App. 587, 588 (249 SE2d 640) (1978). We find that a rational trier of fact could find from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (99 SC 2781, 61 LE2d 560).

As the evidence did not demand a verdict of acquittal and there was a conflict in the evidence, it was not error to deny appellant's motion for a directed verdict of acquittal. *Sims v. State,* 242 Ga. 256, 257 (1-3) (248 SE2d 651) (1978); *Miller v. State,* 163 Ga. App. 889, 890 (1) (296 SE2d 182) (1982).

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED APRIL 5, 1983 —

*Mack Reynolds,* for appellant.

*Arthur E. Mallory III, District Attorney, James M. Garcia, Assistant District Attorney,* for appellee.