### 73959. BRANCH v. THE STATE.
(357 SE2d 136)

SOGNIER, Judge.

Branch appeals his conviction of driving under the influence of alcohol, speeding and having no proof of insurance.

1. Appellant contends the evidence was not sufficient to support the verdict of guilty of driving under the influence of alcohol and having no proof of insurance.

The evidence disclosed that when appellant was stopped for speeding he had a strong odor of alcohol on him and was staggering, and could not produce proof of insurance. Appellant was read the implied consent warnings at the scene and agreed to take a State administered test to determine his alcohol content. At that time he did not request an independent test. At the White County Sheriff's Department appellant was again read the implied consent warnings and agreed to take an intoximeter test. When he was thereafter advised that the test showed an alcohol content of .13 grams of alcohol per cc of blood, appellant stated that he wanted an independent blood test. However, when he learned that the test would cost $50 appellant stated he was not going to pay for the independent test. He then signed a written waiver of his right to an independent test, which was introduced into evidence.

Appellant testified that the implied consent warnings were not read to him at the scene of his arrest or at the sheriff's office. He also testified that he had the money to pay for such a test, but two or three deputies told appellant he did not want the test because it cost too much. Based on this testimony, appellant contends it was error to deny his motion to suppress the results of the intoximeter test (alleged as error in a separate enumeration), because he was denied his

right to an independent blood test. Appellant argues that without such evidence, his conviction of driving under the influence of alcohol cannot be sustained. We do not agree.

In a hearing on a motion to suppress the judge sits as a trier of fact; credibility and weight, and the resolution of conflicts within the testimony of a witness, are matters to be determined by the judge. *State v. Betsill*, 144 Ga. App. 267, 268 (2) (240 SE2d 781) (1977). "In the absence of evidence of record demanding a finding contrary to the judge's determination, this court will not reverse the ruling [denying] a motion to suppress." Id. See also *Burnette v. State*, 168 Ga. App. 578, 579 (1) (309 SE2d 875) (1983). The evidence does not demand a finding contrary to the judge's determination here. Hence, it was not error to deny appellant's motion to suppress evidence of the results of the intoximeter test. It follows that the evidence is sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Hence, the court did not err by denying appellant's motion for a directed verdict of acquittal, which he alleges as error in a separate enumeration. *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436) (1984).

In regard to appellant's conviction of having no proof of insurance, he argues that his proof of insurance was in the glove compartment and he could not find it because it was dark. However, the arresting officer testified that she loaned her flashlight to appellant and after searching his glove compartment, he could not produce proof of insurance. Since appellant could not produce proof of insurance, his conviction of that offense was supported by evidence sufficient to meet the standard of proof required by *Jackson v. Virginia*, supra.

2. Appellant contends the trial court erred by admitting opinion testimony of a State witness without a proper foundation for such testimony. Trooper Pickett testified that based on her nine years experience as a State trooper and having observed innumerable people under the influence of alcohol, appellant's condition made it less safe for him to drive than if he had not been under the influence of alcohol. Such testimony is admissible. *Harris v. State*, 97 Ga. App. 495, 497 (3) (103 SE2d 443) (1958); *Griggs v. State*, 167 Ga. App. 581, 582 (1) (307 SE2d 75) (1983). Accordingly, appellant's contention is without merit.

3. Appellant contends the trial court erred by basing its sentence on appellant's trial strategy, thereby showing a lack of impartiality, bias and prejudice against appellant resulting in a more severe punishment than would have been imposed on other defendants.

This was appellant's second conviction for driving under the influence of alcohol and his fourth conviction for speeding. He was sentenced to 12 months confinement, four to serve and eight on probation, and a $1,000 fine for driving under the influence of alcohol; 12

months confinement, probated, for speeding; and a $25 fine for failure to have proof of insurance. These sentences are within the maximum sentences authorized for the offenses charged. OCGA §§ 40-6-391 (c) (2); 17-10-3; and 33-34-10 (f) (1). "This court will not review for legal error any sentence which is within the statutory limits — as in the instant case." *Tommie v. State*, 158 Ga. App. 216 (1) (279 SE2d 510) (1981); *Brown v. State*, 179 Ga. App. 182, 183 (2) (345 SE2d 901) (1986).

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED APRIL 20, 1987 —
REHEARING DENIED MAY 6, 1987 —

*Harmon T. Smith, Jr.*, for appellant.
*Andrew Fuller, District Attorney*, for appellee.