76624. LESTER v. THE STATE.
(372 SE2d 486)

SOGNIER, Judge.

Appellant pled guilty to escape and he appeals. We denied counsel's request to withdraw, and the only possible error enumerated relates to the legality of appellant's sentence.

The trial judge conducted a full hearing on appellant's plea of guilty and explained the meaning and effect of such a plea, including the sentence that appellant could receive. Appellant stated that he understood the meaning and effect of his plea of guilty, was pleading guilty voluntarily because he was guilty, and was satisfied with his counsel. The State recommended that appellant receive a sentence to three years confinement, to run consecutively with the sentence appellant was serving for armed robbery. Appellant stated that he understood the sentence which could be imposed, and the State's recommendation was satisfactory to him. The court then sentenced appellant in accordance with the State's recommendation, with the proviso that he be credited with time served after his arrest for escape. After imposing sentence, the trial judge asked appellant if he still desired to plead guilty; appellant replied that he did not want to withdraw his plea of guilty.

The trial judge then directed appellant's counsel to research the law as to whether a person escaping from confinement in a jail that had no authority to hold felons could be sentenced for a felony escape. Counsel stated he would do so, but also stated that appellant was in lawful custody and made no objection to the sentence. The results of counsel's research, if completed, are not contained in the record. However, we find no error in the court's sentence.

OCGA § 16-10-52 (a) (1) provides that a person commits the offense of escape when, after conviction of a felony or misdemeanor, he intentionally escapes from lawful custody or confinement. Subsection (b) of the same statute requires a sentence of not less than one nor more than five years of confinement upon conviction of escape. There is nothing in the statute concerning the place of confinement which would affect the punishment authorized upon conviction of the offense of escape. Appellant was advised that he could receive a sentence of one to five years and his sentence was within the maximum sentence authorized. This court will not review for legal error any sentence which is within the statutory limits. *Branch v. State*, 182 Ga. App. 818, 820 (3) (357 SE2d 136) (1987). Thus, we find no error in the sentence, since appellant was serving a sentence to confinement for armed robbery, a felony, at the time of his escape.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 6, 1988.

*K. Van Banke*, for appellant.
*Robert E. Keller, District Attorney*, for appellee.