A96A1645. NUNN v. THE STATE.
(480 SE2d 614)

McMurray, Presiding Judge.

Defendant was tried before a jury and convicted of using "fighting words" in violation of OCGA § 16-11-39 (a) (3), having no proof of insurance in violation of OCGA § 40-6-10 (b), and obstruction of a law enforcement officer in violation of OCGA § 16-10-24 (a). The evidence adduced at trial reveals that the incident giving rise to these crimes relates to defendant's defiant, violent and profane conduct toward Deputy Ralph Kanouff of the Oconee County Sheriff's Office during a routine traffic stop. This appeal followed the denial of defendant's motion for new trial. *Held*:

1. Defendant challenges the sufficiency of the evidence in his first three enumerations of error, arguing essentially that discrepancies and conflicts in Deputy Kanouff's testimony raise doubt as to the meaning and weight of the deputy's testimony. This argument is without merit. "Credibility of witnesses and the weight accorded their testimony rests solely with the trier of fact — in this case, the jury. *State v. Smith*, 134 Ga. App. 602 (215 SE2d 345) (1975). 'This court passes on the sufficiency of the evidence, not its weight, which was considered by the jury.' *Paul v. State*, 144 Ga. App. 106 (240 SE2d 600) (1977); *Dillard v. State*, 147 Ga. App. 587, 588 (249 SE2d 640) (1978). Conflicts in the testimony of witnesses are a matter of credibility for the jury to resolve. *Fisher v. State*, 151 Ga. App. 93 (258 SE2d 920) (1979)." *Beard v. State*, 153 Ga. App. 550 (1) (265 SE2d 875).

(a) *Use of "Fighting Words" Conviction.* Deputy Kanouff's testimony that defendant used disgustingly profane words which disparaged the dignity of motherhood, childhood and the intellect of law enforcement officers while Deputy Kanouff was preparing to serve defendant with a traffic citation is sufficient to authorize the jury's findings that defendant is guilty, beyond a reasonable doubt, of using "fighting words" in the manner charged in the indictment.[1] *Jackson v.*

---

[1] Defendant was charged with use of "fighting words" in that he, "without provocation, used opprobrious and abusive words which by their very utterance tended to incite an immediate breach of the peace by using words which as a matter of common knowledge and under ordinary circumstances when used to another person tended to provoke violent resentment, in that specifically [defendant] used foul and abusive language in the presence of Deputy

*Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). See *Brooks v. State*, 166 Ga. App. 704 (305 SE2d 436).

(b) *No Proof of Insurance Conviction*. Deputy Kanouff's testimony that defendant produced an expired temporary proof of insurance card is sufficient to authorize the jury's findings that defendant is guilty, beyond a reasonable doubt, of no proof of insurance in violation of OCGA § 40-6-10 (b). *Jackson v. Virginia*, 443 U. S. 307, supra; *Branch v. State*, 182 Ga. App. 818 (1), 819 (357 SE2d 136).

(c) *Obstruction of a Law Enforcement Officer Conviction*. Deputy Kanouff's testimony that defendant disobeyed the deputy's order for defendant to stop kicking a "radar antenna" inside the deputy's patrol car is sufficient to authorize the jury's findings that defendant is guilty, beyond a reasonable doubt, of obstruction of a law enforcement officer in the manner charged in the indictment.[2] *Jackson v. Virginia*, 443 U. S. 307, supra; *Imperial v. State*, 218 Ga. App. 440, 441 (461 SE2d 596).

2. Defendant contends the trial court erred in failing to charge the jury as to the defense of justification — even though he did not request such a charge — because justification was his sole defense to the charge that he used "fighting words." This contention provides no basis for review.

A defendant cannot complain about a result he procured or aided in causing. *Hawkins v. State*, 195 Ga. App. 739 (2) (395 SE2d 251). In the case sub judice, defense counsel informed the trial court after the close of evidence and before the charge to the jury that any charge on the defense of justification would not be adjusted to the facts of the case. Under these circumstances, defendant has no room to complain about the trial court's alleged failure to charge on the defense of justification.

*Judgment affirmed. Senior Appellate Judge Harold R. Banke concurs. Ruffin, J., concurs in the judgment only.*

DECIDED JANUARY 22, 1997.

*Thurmond, Mathis & Patrick, David T. Wooten, Anthony T. Pete*, for appellant.

*Harry N. Gordon, District Attorney, James D. Love, Assistant*

Ralph Kanouff. . . ."

[2] Defendant was charged with obstruction of a law enforcement officer in that he "did knowingly and willfully obstruct and hinder Ralph Kanouff, a law enforcement officer engaged in the official discharge of his official duties, by failing to obey the directions of said law enforcement officer. . . ."