## A99A0112. DAVIDSON v. THE STATE.
### (516 SE2d 90)

McMurray, Presiding Judge.

Defendant was charged in uniform traffic citations with driving under the influence of alcohol (less safe driver), attempting to elude a police officer, no proof of insurance, and weaving over the roadway. Viewed in the light most favorable to the jury's verdicts, the evidence adduced at trial revealed the following:

Officer Michael Kreher of the City of Atlanta Police Department was notified by his dispatcher that a concerned citizen reported following an older model red pickup on Sylvan Road in the City of Atlanta "that was driving erratically[,] crossing over the center line." Officer Kreher proceeded in behind such a vehicle as it turned left onto Melrose Drive. This street is only two lanes. Officer Kreher observed as the "truck had eased all the way over to where it had crossed over into the oncoming traffic lane, and it came back over into his lane . . ." without using any turn signal. Officer Kreher observed this a second time and activated his blue lights to pull the truck over. The driver "immediately pulled over to the side of the road," but as Officer Kreher was radioing his location and the license number of the stopped vehicle, the truck took off again. Officer Kreher followed, with lights activated and siren on. The truck again pulled over but as Officer Kreher approached the "driver's side door, the truck took off again." Officer Kreher ran back to his patrol car and continued pursuit another 200 yards when the truck "pulled in left into a driveway on Melrose." Although the driver shut off the engine and turned off all the lights, Officer Kreher was behind him the entire time and never lost sight. Defendant argued with the officer, saying he was in his driveway and did not do anything wrong, at which point, Officer Kreher "started to smell . . . [a] really strong odor of alcohol. . . ." Defendant was very loud, almost boisterous; his speech was slurred; and his eyes were bloodshot. When defendant exited his truck, he was "unsteady on his feet[,] holding onto the truck. . . ." After defendant refused to submit to field sobriety tests, Officer Kreher explained that defendant was under arrest for driving under the influence. Defendant had no proof of insurance in his wallet and insisted it was somewhere in the truck. But Officer Kreher was unable to locate any proof of insurance in the glove box, on the floorboard, or on the seat. At the jail, defendant was unable to walk steadily on his own more than a couple of steps. Based on his obser-

vations of defendant, coupled with his training and experience, it was Officer Kreher's opinion that defendant was "[a]bsolutely unsafe to drive that motor vehicle. He was a danger to . . . the citizens of Atlanta the way he was driving," even though there was no oncoming traffic the whole time defendant was on Melrose.

Although defendant denied weaving and produced proof that he was insured on May 17, 1995, the vehicle identification number for the insured vehicle did not match the identification number of the vehicle defendant was driving at the time. The jury found defendant guilty as charged on each count. The trial court merged the weaving count at sentencing. From the judgments of conviction and sentences entered by the trial court on the jury's verdicts, defendant brings this direct appeal. In four related enumerations, defendant urges the evidence is insufficient to support any of the four counts. *Held*:

1. "A person shall not drive . . . any moving vehicle while . . . [u]nder the influence of alcohol to the extent that it is less safe for the person to drive." OCGA § 40-6-391 (a) (1). In this case, evidence that defendant and his vehicle smelled of alcohol, that defendant's speech was slurred, his eyes were bloodshot, and his stance was unsteady, coupled with the officer's opinion of defendant's impaired driving abilities, is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) to authorize the jury's verdict that beyond a reasonable doubt defendant was under the influence of alcohol to the extent it was less safe for him to drive in violation of OCGA § 40-6-391 (a) (1), as alleged in the uniform traffic citation. *Williams v. State*, 190 Ga. App. 361 (1) (378 SE2d 886).

2. Defendant complains there is no evidence of his intent to elude Officer Kreher.

It is unlawful for any driver "willfully to fail or refuse to bring his . . . vehicle to a stop or otherwise to flee or attempt to elude a pursuing police vehicle," when given a single visual or an audible sign to bring the vehicle to a stop. OCGA § 40-6-395 (a); *Reynolds v. State*, 209 Ga. App. 628, 629-630 (1) (434 SE2d 166).

"The testimony of a single witness is generally sufficient to establish a fact." OCGA § 24-4-8. Whether an act is committed with the requisite criminal intent is a question for the jury upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act. *Cornelius v. State*, 213 Ga. App. 766, 767-768 (1) (445 SE2d 800); OCGA § 16-2-6. Here, Officer Kreher's testimony that defendant twice pulled over in response to the flashing blue lights but then drove off again, seeking refuge in his mother's driveway, is sufficient to authorize the jury's verdict that defendant wilfully fled and attempted to elude a police officer after receiving the visual signal to stop. *Ray v. State*, 233 Ga. App. 162, 163-164 (1) (503 SE2d 391).

3. Defendant's challenge to the sufficiency of the evidence regarding the offense of weaving ostensibly in violation of OCGA § 40-6-48 (1) is rendered moot by the trial court's merging of that count for sentencing. *Edmonson v. State*, 212 Ga. App. 449, 451 (3) (442 SE2d 300).

4. "The owner or operator of a motor vehicle shall keep proof or evidence of required minimum insurance coverage in the vehicle at all times during the operation of the vehicle." OCGA § 40-6-10 (a) (1). The circumstance that Officer Kreher was unable to find any proof of insurance in the glove compartment, on the seat, or on the floor, coupled with defendant's reliance on proof of insurance for a different vehicle, is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307, supra, to authorize the jury's verdict that beyond a reasonable doubt defendant knowingly operated the vehicle in question without keeping proper proof of minimum insurance coverage therein. *Nunn v. State*, 224 Ga. App. 312, 313 (1) (b) (480 SE2d 614); *Branch v. State*, 182 Ga. App. 818-819 (1) (357 SE2d 136).

*Judgment affirmed. Andrews and Ruffin, JJ., concur.*

DECIDED APRIL 9, 1999 — ▮▮▮▮▮▮▮

*Harvey T. Siegel*, for appellant.
Charlie Davidson, *pro se*.
*Joseph J. Drolet, Solicitor, Katherine Diamandis, Assistant Solicitor*, for appellee.