## 60622. COLLIER v. THE STATE.

SOGNIER, Judge.

Appellant was convicted of violation of the Georgia Firearms and Weapons Act.

Appellant contends the trial court erred by failing to grant a mistrial after the prosecuting attorney wrongfully interjected appellant's character into the trial of the case. The prosecuting attorney questioned appellant on cross-examination about his having abandoned his child. Appellant's attorney moved for a mistrial. The trial court denied the motion but instructed the jury to disregard completely the question propounded by the prosecuting attorney. Appellant made no further objection, motion or request for

further instructions by the trial court.

Where counsel for defendant objected to the state's questions and moved for a mistrial, and the court instructed the jury to completely disregard the improper question, and no further ruling by the court was invoked by counsel for defendant, the ruling complained of presents no question for review by this court. *Burgess v. State,* 149 Ga. App. 630, 631 (255 SE2d 100) (1979); *McMillan v. State,* 150 Ga. App. 838 (259 SE2d 102) (1979).

Appellant complains that the trial court failed to rebuke the assistant district attorney and failed to give a full instruction to the jury regarding the improper question. Where the instruction by the court to the jury to disregard the remarks was full, it in effect amounts to a rebuke of counsel. *Counts v. Moorehead,* 232 Ga. 220 (206 SE2d 40) (1974); *Spell v. State,* 225 Ga. 705, 709 (171 SE2d 285) (1969). The extent of a rebuke and instruction is within the discretion of the court, and when, as here, the improper remarks are cured by timely corrective action calculated to preserve the defendant's right to a fair trial, then we cannot say that the court abused its discretion in refusing to grant a mistrial. *Benefield v. State,* 140 Ga. App. 727, 730 (232 SE2d 89) (1976). We find no error in the trial court's instructions to the jury to disregard the assistant district attorney's questions.

*Judgment affirmed. Deen, C. J., and Birdsong, J., concur.*

ARGUED SEPTEMBER 10, 1980 — DECIDED
NOVEMBER 12, 1980.

*J. Richard Edwards,* for appellant.

*Lewis R. Slaton, District Attorney, Benjamin H. Oehlert, III, Joseph J. Drolet, Assistant District Attorneys,* for appellee.