## 65597. SMALLWOOD v. THE STATE.

SHULMAN, Chief Judge.

Appellant was convicted of four counts of armed robbery (OCGA § 16-8-41 (Code Ann. § 26-1902)) and four counts of possession of a firearm by a convicted felon (OCGA § 16-11-131 (b) (Code Ann. § 26-2914)) in connection with the armed robberies of four Macon drug stores. He appeals from the judgment entered on those jury verdicts.

1. Appellant's assertion that each of the possession counts merged with its related armed robbery charge is controlled adversely to him by *Coleman v. State,* 163 Ga. App. 173, 174 (293 SE2d 395), where this court held that "the conduct of a convicted felon in using a firearm to perpetrate an armed robbery constitutes a violation of [OCGA § 16-8-41] *and* a violation of § [16-11-131 (b)], and the perpetrator may be prosecuted for the commission of each of these crimes."

2. In his next enumeration, appellant claims error in the trial court's denial of his motion to suppress and the subsequent admission into evidence of two guns found in appellant's motel room.

The two guns were found in a box of clothing three to three and-a-half feet from one of the arrestees who was sitting on the bed with his hands handcuffed in front of him. The searching officer testified that the box was within the arrestee's "lunging area" and that the law enforcement officers knew that the arrestees were armed. Since the arrest was lawful, a search pursuant to OCGA § 17-5-1 (Code Ann. § 27-301) of "the area within [the arrestee's] immediate presence" was authorized, and the motion to suppress was properly denied. *Starr v. State,* 159 Ga. App. 386, 388 (283 SE2d 630).

3. Appellant also contends that the trial court erred in overruling his motion for mistrial, which was based on the publication of a newspaper article about the trial on the morning of the second day of trial. The court questioned the jury as a group regarding their knowledge of any media coverage. None of the jurors

responded affirmatively to the inquiry, and the trial resumed without appellant's objection. He now, however, complains that the jurors should have been questioned individually as was done in *Todd v. State,* 243 Ga. 539 (8) (255 SE2d 5). Putting to the side the fact that appellant did not renew his motion after corrective action had been taken (see *Collier v. State,* 156 Ga. App. 413 (274 SE2d 780)), we conclude that the trial court's action was sufficient and there was no abuse of discretion in the denial of the motion for mistrial.

4. Appellant voices objections to the trial court's charge to the jury. A review of the trial transcript reveals that defense counsel stated he had no objection to the charge when the trial court inquired. Accordingly, appellant cannot now raise as error the trial court's instructions to the jury. *Jackson v. State,* 246 Ga. 459, 460 (271 SE2d 855).

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED APRIL 7, 1983.

*Robert P. Westin,* for appellant.
*Willis B. Sparks III, District Attorney, George F. Peterman III, Graham A. Thorpe, Assistant District Attorneys,* for appellee.