### 69482. HORAH v. THE STATE.
(325 SE2d 917)

BANKE, Chief Judge.

The appellant was tried and convicted on a 3-count accusation charging him with failure to stop at a stop sign, leaving the scene of an accident without stopping to give information or render aid, and driving under the influence of alcohol. On appeal, he contends (1)

that the court erred in admitting the results of a blood-alcohol test administered to him after his arrest; (2) that the court gave an impermissibly burden-shifting charge regarding the presumptions arising from such test results; (3) that his identification by the other driver involved in the accident should have been excluded on the ground that it was tainted by an unduly suggestive post-arrest "showup"; and (4) that the court erred in failing to grant a mistrial based on improper closing argument by the State's attorney.

Mr. Layton Kinnaird, the driver of the other vehicle involved in the accident, testified that at approximately 6:00 p.m. on June 7, 1983, his vehicle was struck on the passenger side by an automobile which had failed to stop at the end of the exit ramp after exiting an interstate highway. Kinnaird stated that this vehicle accelerated and left the scene after hitting him but that he was nevertheless able to identify its driver as being a white male with long, blond hair.

Based on information provided to them by a tow-truck operator who happened to be in the area, police located the appellant at a convenience store shortly after the accident and, suspecting him of being the hit-and-run driver, charged him with giving a false name to a police officer. The appellant was returned to the accident scene some 15 to 30 minutes later, where he was identified by Mr. Kinnaird as the perpetrator of the collision. He was then charged with D.U.I. and was transported to a hospital for extraction of a blood sample. Analysis of this sample by the State Crime Laboratory revealed his blood-alcohol content to be .21 percent. *Held*:

1. The appellant objected to the admission of the blood-alcohol test results on the ground that the police did not inform him of his right to an independent chemical analysis at the time of his arrest at the convenience store but instead waited until he had been returned to the scene of the collision, some 15 to 30 minutes later. We find this objection to be without merit.

Under ordinary circumstances, where (the accused) is not advised of his right to an independent chemical analysis pursuant to OCGA § 40-6-392 (a) at the time of arrest, or at a time as close in proximity to the instant of arrest as the circumstances of the individual case might warrant, the results of the state-administered test will not be admissible at trial to show that the accused was driving under the influence of alcohol or drugs. *Perano v. State*, 250 Ga. 704, 708 (300 SE2d 668) (1983). Although in the present case, the appellant was not advised of his "implied consent" rights at the instant of his initial arrest for giving a false name to a police officer, he was advised of his rights immediately upon being charged with D.U.I., after the driver of the other vehicle involved in the collision had identified him. This occurred before he was taken to the hospital and before any blood-alcohol test was performed on him or any blood sample extracted from him.

Under all the circumstances, and particularly in view of the need to verify the appellant's identity before charging him with D.U.I., we hold that he was informed of his rights as close in proximity to the instant of the arrest as the circumstances reasonably warranted.

2. The appellant contends that in charging the jury on the presumptions arising from the blood-alcohol test results, as delineated in OCGA § 40-6-392, the trial court was required to give the charge set forth in *McCann v. State*, 167 Ga. App. 368, 369 (306 SE2d 681) (1983), regarding the rebuttability of the presumption of impaired driving ability arising from a blood-alcohol content of .10% or greater. This contention is based on the statement contained in *Olsen v. State*, 168 Ga. App. 296, 297 (2) (308 SE2d 703) (1983), to the effect that "[t]he quoted portion of the *McCann* charge should always be given by trial courts when instructing on OCGA § 40-6-392." However, inasmuch as the court did charge that the presumption of impaired driving ability was rebuttable, and inasmuch as the appellant introduced no evidence tending to show that, notwithstanding the test results, his ability to drive was unimpaired by his consumption of alcohol, we hold, as did the court in *Olsen*, supra, that the charge given by the trial judge was not unconstitutionally burden-shifting, notwithstanding the failure to charge in the exact language of *McCann*.

3. The court was authorized to conclude that the one-on-one showup conducted at the scene of the collision shortly after the appellant's apprehension was both permissible and reliable, despite the fact that it was, of necessity, suggestive. Accord *Davis v. State*, 233 Ga. 847 (213 SE2d 695) (1975); *Hobbs v. State*, 235 Ga. 8 (218 SE2d 769) (1975).

4. During the trial, the tow-truck driver who had initially identified the appellant to police as being the person who had fled the scene of the collision gave testimony for the State which was inconsistent with other evidence which had been presented by the State in several important regards. During closing argument, the State's attorney, despite having been instructed by the court not to do so, attempted to argue that the witness may have confused his observations of the collision in question with his observations of other collisions he had presumably witnessed in the past. In response to the appellant's objection, the trial court immediately rebuked the State's attorney and instructed the jury to disregard the statement. The court also obtained from the jurors oral assurances that they would be able to follow this instruction. The appellant contends that the court nevertheless erred in denying his subsequent motion for mistrial.

"In passing on a motion for mistrial because of an improper statement of a prosecutor, the trial judge may take such action as in his judgment will prevent harm to the defendant, and a new trial will

not be granted unless it is clear that such action failed to eliminate the statement from consideration by the jury." *Watkins v. State,* 237 Ga. 678, 682-683 (229 SE2d 465) (1976). "The extent of a rebuke and instruction is within the discretion of the court, and when . . . the improper remarks are cured by timely corrective action calculated to preserve the defendant's right to a fair trial, then we cannot say that the court abused its discretion in refusing to grant a mistrial." *Collier v. State,* 156 Ga. App. 413, 414 (274 SE2d 780) (1980).

In the present case, we have no reason to assume that the corrective action taken by the trial court was ineffective to eliminate whatever prejudice might have arisen from the improper argument, and we consequently hold that it was not error to deny the motion for mistrial.

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED JANUARY 17, 1985.

*David H. Jones,* for appellant.

*Herbert Rivers, Solicitor, Marc D. Cella, Assistant Solicitor,* for appellee.