### A90A1262. BELL v. THE STATE.
(398 SE2d 29)

POPE, Judge.

Defendant Randall Eugene Bell appeals his conviction for driving under the influence.

1. Defendant was charged with violating OCGA § 40-6-391 (a) (1), which makes it a crime to be under the influence of alcohol or drugs to the extent that one becomes a "less safe driver." The arresting officer testified that the only indication of intoxication exhibited by defendant was the odor of alcohol on his breath. This alone is insufficient evidence to show defendant's capacity to drive was impaired. See *Clay v. State*, 193 Ga. App. 377 (2) (387 SE2d 644) (1989). However, evidence was presented that a breath test properly administered to defendant resulted in a reading of .17 grams. An alcohol concentration of over .10 grams creates a presumption of impaired driving ability. See OCGA § 40-6-392 (b) (3); *Horah v. State*, 173 Ga. App. 306 (2) (325 SE2d 917) (1985). Defendant presented no evidence to rebut the presumption raised by the evidence. Thus, the Superior Court did not err in concluding, on de novo review of the evidence presented to the Probate Court, that the defendant was intoxicated to the extent that he was rendered a less safe driver and in finding defendant guilty as charged.

2. We reject defendant's argument that the judgment is void because the post of the Superior Court judge who issued it was created in violation of federal law. The United States District Court for the Southern District of Georgia has ruled in the pending case of *Brooks v. State Bd. of Elections*, Case No. 288-146: "Any decisions by incumbent judges holding over pursuant to this Order *are of course valid*." (Emphasis supplied.) Id. slip op. at 3 (S.D. Ga. 1990).

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 6, 1990 —
REHEARING DENIED OCTOBER 5, 1990 —

*Virgil L. Brown & Associates, Virgil L. Brown, Bentley C. Adams III*, for appellant.

*W. Fletcher Sams, District Attorney, J. David Fowler, Assistant District Attorney*, for appellee.