## A98A2033. BOWEN v. THE STATE.
### (510 SE2d 873)

RUFFIN, Judge.

A jury found Hollis Bowen guilty of driving under the influence of drugs to the extent that it was less safe for him to drive, and of having defective equipment on his vehicle. In his sole enumeration of error, Bowen contends that the trial court erred in denying his motion for directed verdict of acquittal because there was insufficient evidence to prove that he was guilty of driving under the influence of drugs to the extent he was a less safe driver. Because the State provided no evidence that Bowen was a less safe driver, we reverse.

"The standard of review for the denial of a motion for directed verdict of acquittal is the same as that for reviewing the sufficiency of the evidence to support a conviction. Under that standard we view the evidence in the light most favorable to the jury's verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Citations, punctuation and emphasis omitted.) *Noble v. State*, 225 Ga. App. 470 (484 SE2d 78) (1997); see also *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). "In reviewing the denial of a motion for a directed verdict made at the close of the State's case, an appellate court considers not only the evidence produced in the State's case-in-chief, but also any evidence introduced subsequent to the motion by the defense." *Tyler v. State*, 198 Ga. App. 685, 687-688 (2) (402 SE2d 780) (1991).

Viewed in this light, the evidence at trial showed that on September 20, 1997, Trooper Jimmy Jones stopped Bowen's vehicle because Bowen "was pulling a boat on a trailer that did not have any tail lights on it after dark." Trooper Jones testified that after he stopped Bowen, he "noticed that his eyes were red and glassy, and his eyelids were red," and that when he asked Bowen if he had been smoking any marijuana, Bowen responded that he had smoked some a couple of hours ago. The officer could not remember whether Bowen commented on the defective tail lights, but recalled that he did not think Bowen knew they were out. A lab test confirmed that Bowen's

urine tested positive for metabolites of marijuana. At trial, Bowen denied that he had admitted smoking marijuana, but stated that he told the officer he had been in a room a few hours earlier where marijuana was being smoked.

Bowen was convicted under OCGA § 40-6-391 (a) (2), which provides that "[a] person shall not drive or be in actual physical control of any moving vehicle while . . . [u]nder the influence of any drug to the extent that it is less safe for the person to drive." (Punctuation omitted.) "Although under that statute the State is not required to prove that the defendant actually committed an unsafe act, impaired driving ability is an element of the crime that the state must prove to obtain a conviction." (Citation and punctuation omitted.) *Webb v. State*, 223 Ga. App. 9, 10 (476 SE2d 781) (1996). Moreover, "the mere fact that a defendant has ingested marijuana is not sufficient to support a conviction under OCGA § 40-6-391 (a) (2), because that statute does not prohibit driving after ingesting any quantity of drugs." (Citations and punctuation omitted.) Id.[1] In that regard, evidence which only shows that a defendant's eyes were "red and glassy, and he had an odor of [marijuana] about his breath" is insufficient to support a conviction for driving under the influence to the extent that it was less safe for him to drive. *Clay v. State*, 193 Ga. App. 377, 379 (2) (387 SE2d 644) (1989). Compare *Gilbert v. State*, 262 Ga. 840, 841 (1) (426 SE2d 155) (1993) (evidence reflected more than defendant's intoxicated state, including the fact that his car "left the roadway at a curve, knocked down several mailboxes, and crossed a private drive before landing nose first in [a] ditch").

In this case, the State's evidence that Bowen was impaired as a result of ingesting marijuana consisted of Trooper Jones' testimony that Bowen had red, glassy eyes and red eyelids at the time he was stopped and that he admitted to having smoked marijuana earlier that evening. Trooper Jones did not testify that Bowen's speech was slurred, that he was staggering, that he failed any field sobriety tests or that there was anything unusual or erratic about his driving. Thus, this evidence alone is insufficient to sustain a less safe driver conviction. See *Clay*, supra.

Without providing any authority, the State contends that the fact that Bowen was pulling a boat trailer with no tail lights at night shows that he was a less safe driver. However, this evidence alone is insufficient to support the State's assertion that Bowen's ability to drive safely was compromised by his having ingested marijuana. In fact, the evidence shows that Bowen was unaware that the tail lights

---

[1] Although the presence of marijuana in a driver's system would support a conviction under OCGA § 40-6-391 (a) (6), which prohibits driving with any amount of marijuana in one's system, the State did not charge Bowen under this provision.

were defective, and there is no evidence that his ignorance of the defect was attributable to any use of marijuana. Compare *Howell v. State*, 179 Ga. App. 632, 634 (1) (347 SE2d 358) (1989) (evidence of less safe driving included defendant's driving a short distance without turning on his headlights).

Accordingly, because "there was nothing from which the jury could have inferred that [Bowen] was under the influence of marijuana *to the extent that [he] was a less safe driver*, such as additional evidence of [his] physical condition or conduct at the time of arrest, [his] conviction and sentence for violation of OCGA § 40-6-391 (a) (2) must be set aside." (Punctuation omitted.) *Webb*, supra at 11; see also *Clay*, supra.

*Judgment reversed. Pope, P. J., and Beasley, J., concur.*

DECIDED JANUARY 7, 1999.

*Patterson & Patterson, Jackie G. Patterson, Yasma Patterson*, for appellant.

*Louis J. Kirby, Solicitor*, for appellee.