## A00A1498. PECK v. THE STATE.
### (538 SE2d 505)

ANDREWS, Presiding Judge.

Timothy Peck appeals from the judgment entered after a jury found him guilty of theft by taking a truck from the lot of a trucking company, criminal damage to property, driving under the influence, driving while license suspended, and obstruction of officers. We affirm in part and reverse in part.

The evidence at trial, taken in the light most favorable to the verdict, was as follows. Peck's ex-wife, Kelly Cole, testified that she called 911 on the night the truck was stolen and said that Peck had been drinking and threatened to steal a truck and come after her. Earlier, Cole had taken Peck to a convenience store and, instead of waiting for Peck to come out, left him there.

---

[4] *Sharfuddin v. Drug Emporium*, 230 Ga. App. 679 (1) (498 SE2d 748) (1998).

At trial, however, Cole said she lied about Peck stealing a truck because she thought the police would not come if she simply said she was afraid of him.

An officer from the Sheriff's Department testified that when he responded to Cole's 911 call, she told him that Peck was going to go down to Simpson Trucking Company and "get a truck." While he was at Cole's house, the officer got a call about another disturbance, and when he went to investigate, found a Simpson Trucking Company truck on the side of the road. The truck had some damage to the front end, and another officer said that when he pulled up beside the truck, he saw someone run away. Officers also confirmed that there was a hole in the fence at Simpson Trucking and it appeared that a truck was missing from the lot. The chain link fence around the trucking company lot had a hole in it consistent with someone driving a truck through it, and there were parts that appeared to have broken off some vehicle lying by the hole in the fence.

When officers searched the area around the truck, they found Peck running through the woods and arrested him. Peck was about 100 yards from the truck when officers caught him. Officers testified that Peck had a strong odor of alcohol about him.

1. The evidence was sufficient to support the guilty verdicts on the charges of theft by taking, criminal damage to property, driving while license suspended, and obstruction of officers.

> On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the [defendant] no longer enjoys the presumption of innocence; moreover[,] an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) [(1979)]. *Howard v. State*, 261 Ga. 251, 252 (403 SE2d 204) [(1991)]; *King v. State*, 213 Ga. App. 268, 269 (444 SE2d 381) [(1994)].

*Dolphus v. State*, 218 Ga. App. 565, 566 (462 SE2d 453) (1995).

But, there was insufficient evidence to convict Peck of DUI. Peck was charged with driving under the influence under OCGA § 40-6-391 (a) (1), which provides that a person shall not drive a motor vehicle while under the influence of alcohol to the extent that it is less safe for the person to drive. Under this Code section, "impaired driving ability is an element of the crime that the state must prove to obtain a conviction." *Kevinezz v. State*, 265 Ga. 78, 79 (2) (454 SE2d 441) (1995). In this case, no one saw Peck drive the truck. The officer stated that the truck was found off the roadway in some bushes.

Although there was evidence of damage to the truck, there was also testimony that the truck had been driven through the fence around the lot at Simpson Trucking Company. Therefore, because there was no testimony or other evidence about Peck's manner of driving or ability to drive, the evidence was insufficient to support the verdict on the DUI count. See *Davis v. State*, 206 Ga. App. 647, 649 (426 SE2d 267) (1992); *Clay v. State*, 193 Ga. App. 377, 378 (387 SE2d 644) (1989).

2. Next, Peck contends the trial court erred in denying his motion for mistrial after an officer impermissibly placed his character into evidence. This incident occurred when the prosecutor asked an officer if there was anything peculiar about Peck's appearance or mannerisms. The officer replied, "I mean, he was very dirty, had a lot of dirt and mud on him. He was saying a lot of stuff that he was — he was doped up, he'd been taking drugs." Defense counsel objected to this statement saying the State had not produced evidence of this statement before trial. The prosecutor replied that the testimony was a surprise to him also and he did not intend to elicit that response.

The court denied the motion for mistrial and asked defense counsel if there was anything further he wanted to say. At that point, counsel withdrew his request to have the jury instructed to disregard the statement or to have it stricken from the record. Nevertheless, the judge offered to give the jury curative instructions to the effect that any statements made by the deputy about what Peck said to him that night were not evidence and should be "stricken not only from the record but stricken from their mind." Counsel again rejected any curative instructions.

> Where a witness for the State in a criminal case voluntarily injects into the trial improper and prejudicial matter, on motion for a mistrial based thereon, whether mistrial must be granted as the only corrective measure or whether the prejudicial effect can be corrected by withdrawing testimony from the consideration of the jury under proper instructions, is a matter ordinarily in the discretion of the trial court.

(Citations and punctuation omitted.) *Crawford v. State*, 256 Ga. 585, 587 (2) (351 SE2d 199) (1987).

Here, defense counsel never requested that the trial court give any curative instructions to the jury regarding this testimony. "Where the objection to the prejudicial matter is sustained, . . . the court has no duty to rebuke counsel or give curative instructions unless specifically requested by the defendant." *Woodham v. State*, 263 Ga. 580 (1) (a) (439 SE2d 471) (1993). Further, we find no abuse of discretion in the trial court's decision to deny Peck's motion for

mistrial because this testimony was not so prejudicial as to warrant the declaration of a mistrial. Id. at 581 (1) (b).

3. Peck also claims the trial court erred in giving the jury charge on DUI. In light of our reversal of the conviction on the DUI count, we need not address this enumeration.

*Judgment affirmed in part and reversed in part. Ruffin and Ellington, JJ., concur.*

DECIDED AUGUST 18, 2000.

*Turner & Willis, Christopher W. Willis,* for appellant.
Timothy P. Peck, *pro se.*
*Lydia J. Sartain, District Attorney, Richard A. Vandever, Assistant District Attorney,* for appellee.