A02A0068. RICKS v. THE STATE.
(564 SE2d 793)

BLACKBURN, Chief Judge.

David Jason Ricks was convicted of driving under the influence (less safe driver) and speeding and acquitted of underage possession of alcohol. He appeals, maintaining that the lower court erred in: (1) failing to grant his motion for a directed verdict when the State offered no evidence that alcohol impaired his ability to drive; (2) failing to charge the jury on the presumption of sobriety contained in OCGA § 40-6-392 (b) (1); (3) failing to amend the accusation for driving under the influence of alcohol to the extent that he was a less safe driver to strike any reference to his being under 21 years of age; and (4) instructing the jury that it could assume that equipment approved by the crime lab is considered accurate if properly operated. Because we agree that the State failed to offer sufficient evidence to convict Ricks of driving under the influence of alcohol to the extent that he was a less safe driver, we reverse.

1. Ricks argues that the State failed to present sufficient evidence to convince a rational trier of fact beyond a reasonable doubt that he was impaired by alcohol.

> On appeal from a criminal conviction, the evidence is viewed in a light most favorable to the verdict. We do not weigh the evidence or determine witness credibility but only determine whether the evidence is sufficient under the standard of *Jackson v. Virginia*.[1] The verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

(Footnotes omitted.) *Stone v. State*.[2]

---

[11] See generally *Tudor v. Ford*, 242 Ga. App. 573, 576 (3) (530 SE2d 474) (2000).

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[2] *Stone v. State*, 248 Ga. App. 190 (546 SE2d 787) (2001).

Evidence was adduced that in the early morning hours of July 1, 2000, Officers David Edwards, a member of the DUI task force, and William Ibarrondo were operating a stationary radar unit on Interstate 75 in Clayton County. At 2:22 a.m., they observed a pickup truck traveling at a high rate of speed. The officers stopped the pickup, which was driven by Ricks; with him were four teenage friends. Detecting a strong odor of an alcoholic beverage on either Ricks's breath or person, Edwards asked Ricks if he had consumed any alcohol. Though he initially denied having had anything to drink, Ricks admitted that he had had one beer earlier in the evening. Ricks agreed to blow into a portable field alco-sensor and tested positive for the presence of ethyl alcohol. Edwards testified that he decided to arrest Ricks for DUI without conducting any field sobriety tests. Instead, he took Ricks into custody and read him the implied consent card for drivers under 21. Ricks agreed to submit to the State-administered breath test. He registered a 0.052 and 0.05 on the Intoxilyzer 5000.

Though Ricks was under 21 years of age, the State did not charge him with driving with more than 0.02 percent blood alcohol content while under the age of 21, OCGA § 40-6-391 (k) (1), but instead charged him with driving under the influence of alcohol to the extent that he was a less safe driver, OCGA § 40-6-391 (a) (1). Under OCGA § 40-6-391 (a) (1), impaired driving ability is an element of the crime that the State must prove to obtain a conviction. *Peck v. State.*[3] In this case, Officer Edwards testified that Ricks was stopped for speeding and that he smelled of alcohol and had "a little bit of red, glassy eyes, and it wasn't very much." Edwards also testified that Ricks was not belligerent, but was polite and cooperative, doing everything Edwards asked him to do. Edwards also testified that Ricks was not unsteady on his feet and did not stumble when he exited his car, his speech was not slurred, and he had no difficulty understanding instructions which Edwards gave him. Finally, Edwards stated that one of the primary reasons he decided that Ricks was a less safe driver was the fact that he was under 21 and had consumed an alcoholic beverage, but he agreed that, except for the fact "that [Ricks] was drinking and he was under twenty-one," there was nothing Ricks had done that would lead him to believe that he was impaired by alcohol to the extent that he was a less safe driver. Under these facts, we find that the conclusion that Ricks "was under the influence of alcohol to the extent that it was less safe for

---

[3] *Peck v. State*, 245 Ga. App. 599, 600 (538 SE2d 505) (2000).

him to drive was without evidentiary foundation." *Clay v. State.*[4] See also *Davis v. State;*[5] *Bowen v. State.*[6]

Ricks was charged under OCGA § 40-6-391 (a) (1), not OCGA § 40-6-391 (k) (1); thus, the fact that Ricks was under 21 and had consumed alcohol does not establish that he was a less safe driver. The only test performed at the traffic stop was the alco-sensor test, which merely established that Ricks had some alcohol in his system. There was no other evidence to support the conclusion that Ricks was a less safe driver. "Mere presence of alcohol is not the issue; the quantity is needed because the issue is effect." *Sieveking v. State.*[7] More importantly, "no testimony was adduced to show that [Ricks] was a less safe driver *as a result of* being under the influence of alcohol." *Davis,* supra at 648 (1).

The fact that Ricks had a reading of 0.05 on the Intoxilyzer 5000 test does not establish, or even raise a presumption, that Ricks was so impaired by alcohol that he was a less safe driver under the charges against him. Under OCGA § 40-6-392 (b) (1), if a chemical test shows "an alcohol concentration of 0.05 grams or less, the trier of fact in its discretion may infer therefrom that the person was not under the influence of alcohol," to the extent that he was a less safe driver. The State argues that the jury could have determined that Ricks's blood alcohol content was as high as 0.065 because the breath test was administered over an hour after Ricks was stopped, but under OCGA § 40-6-392 (b) (2), the fact that the alcohol concentration is between 0.05 and 0.08 does "not give rise to any inference that the person was or was not under the influence of alcohol" so as to have violated OCGA § 40-6-391 (a) (1).

"No witness expressed any opinion that defendant was a less safe driver due to alcohol consumption and in addition, there is no evidence as to defendant's conduct or appearance which would authorize the [jury] as trier of fact to form such an opinion. The conviction of DUI was not authorized by the evidence." *Groom v. State.*[8] Compare *Bell v. State;*[9] *Davidson v. State.*[10] Ricks's conviction for speeding, which he did not challenge on appeal, is unaffected by our decision.

2. Our disposition in Division 1 renders the remaining enumerations of error moot.

*Judgment reversed. Johnson, P. J., and Miller, J., concur.*

---

[4] *Clay v. State*, 193 Ga. App. 377, 379 (2) (387 SE2d 644) (1989).

[5] *Davis v. State*, 206 Ga. App. 647, 648 (426 SE2d 267) (1992).

[6] *Bowen v. State*, 235 Ga. App. 900, 901 (510 SE2d 873) (1999).

[7] *Sieveking v. State*, 220 Ga. App. 218, 219 (1) (469 SE2d 235) (1996).

[8] *Groom v. State*, 187 Ga. App. 398, 400 (2) (370 SE2d 643) (1988).

[9] *Bell v. State*, 197 Ga. App. 175 (398 SE2d 29) (1990).

[10] *Davidson v. State*, 237 Ga. App. 580 (516 SE2d 90) (1999).

DECIDED APRIL 30, 2002.

*Sexton & Morris, Lee Sexton*, for appellant.
*Keith C. Martin, Solicitor-General, Linda T. Day, Assistant Solicitor-General*, for appellee.