### A02A1599. ALLEN v. THE STATE.
(570 SE2d 683)

PHIPPS, Judge.

A jury convicted Clinton D. Allen of driving under the influence of alcohol to the extent that he was a less safe driver. Allen appeals, contending that the evidence was insufficient to support his conviction and that the judge improperly charged the jury. We reverse because the record does not contain sufficient evidence to prove beyond a reasonable doubt that Allen was a less safe driver as a result of being under the influence of alcohol.

On appeal the evidence is construed in a light most favorable to the verdict. The verdict must be upheld if any rational trier of fact could have found guilt beyond a reasonable doubt.[1]

The record shows that Allen was involved in a single car accident. His vehicle ran off the right shoulder of the road and struck a fire hydrant and several trees. Allen used his cellular phone to call the police for assistance. A State trooper was dispatched to investigate. Upon his arrival the trooper found Allen walking near the scene of the accident. The trooper testified, "I began talking to him, you know, I could — I could tell he had been drinking." The trooper performed an alco-sensor test, which was positive. He then arrested Allen for driving under the influence. Allen was transported to the sheriff's department, where two Intoxilyzer 5000 tests determined his blood alcohol level. The first reading was 0.079, and the second was 0.078. Allen was charged with four counts: driving under the influence (less safe driver), driving too fast for conditions, striking a fixed object, and failure to wear a seat belt.

At trial, Allen admitted that he had been drinking but denied being impaired. He claimed that a friend was driving his car and swerved to avoid a deer in the road, causing the accident.

After evidence was presented to the jury, the State moved to

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

nolle prosequi the counts of striking a fixed object and failure to wear a seat belt. The jury convicted Allen of driving under the influence (less safe driver), but found him not guilty of driving too fast for conditions.

1. Allen argues that the State failed to present sufficient evidence that he was driving under the influence of alcohol to the extent that he was a less safe driver. We agree.

Georgia law provides that a person shall not drive or be in actual physical control of any moving vehicle while under the influence of alcohol to the extent that it is less safe for the person to drive.[2] If, at the time the person was driving or controlling the vehicle, his blood had an alcohol concentration of more than 0.05 grams but less than 0.08 grams, that fact shall not give rise to any inference that he was or was not under the influence of alcohol, but it may be considered by the trier of fact with other competent evidence in determining whether he was under the influence of alcohol.[3]

The prosecution did not present any competent evidence, other than the Intoxilyzer 5000 results, to prove that Allen was a less safe driver. The trooper testified that when he began talking with Allen he "could tell he had been drinking." However, the trooper's opinion that Allen was a less safe driver was not supported by any facts or observations that he used to reach his conclusion. The trooper did not testify that Allen's speech was slurred, that he smelled of alcohol, that his eyes were red or glassy, that his walk was staggered, or that his conduct was unusual or erratic. Although the trooper stated that he gave Allen "a couple of field sobriety tests," he did not say what the tests were or how Allen performed on them. The trooper did perform an alco-sensor test, but that test merely established that alcohol was present in Allen's body. "Mere presence of alcohol is not the issue; the quantity is needed because the issue is effect."[4] The trooper could not testify as to the manner of Allen's driving because he arrived at the scene after the accident occurred, and the prosecution did not present any other witnesses who could testify to Allen's manner of driving. Moreover, the State did not prosecute Allen on the count of striking a fixed object, and the jury acquitted him on the charge of driving too fast for conditions. Thus, based on the record before us, the trooper's conclusion that Allen was a less safe driver, unsupported by specific visual observations of his appearance or conduct, is insufficient to support a conviction.[5]

---

[2] OCGA § 40-6-391 (a) (1).

[3] OCGA § 40-6-392 (b) (2).

[4] *Sieveking v. State*, 220 Ga. App. 218, 219 (1) (469 SE2d 235) (1996).

[5] See *Clay v. State*, 193 Ga. App. 377, 378-379 (2) (387 SE2d 644) (1989); *Bowen v. State*, 235 Ga. App. 900 (510 SE2d 873) (1999); *Davis v. State*, 206 Ga. App. 647 (426 SE2d 267) (1992).

The facts of this case are virtually indistinguishable from those of *Ricks v. State*.[6] In *Ricks* this court reversed a less safe driver conviction on the grounds that the State's evidentiary foundation was insufficient. There, the police observed Ricks speeding. Like Allen, Ricks performed an alco-sensor test, which was positive. The arresting officer in *Ricks* elected not to perform any other field sobriety tests. He testified that he detected a strong odor of alcohol and that the defendant's eyes were slightly red and glassy. However, the arresting officer testified that "Ricks was not unsteady on his feet and did not stumble when he exited his car, his speech was not slurred, and he had no difficulty understanding instructions."[7] The officer in *Ricks* performed an Intoxilyzer 5000 test which determined that Ricks's alcohol concentration was 0.052. Like Allen, Ricks's alcohol concentration was subject to the statute which mandates that alcohol concentrations between 0.05 and 0.08, alone, do not give rise to any inference of an individual being under the influence.[8] "The fact that Ricks had a reading of 0.05 on the Intoxilyzer 5000 test does not establish, or even raise a presumption, that Ricks was so impaired by alcohol that he was a less safe driver."[9]

Even with the officer's testimony in *Ricks*, which included specific observations such as bloodshot eyes and detection of an alcohol odor, this court found the evidence insufficient to convict Ricks of driving under the influence to the extent that he was a less safe driver. The testimony of the trooper in this case, which did not include such observations, is clearly insufficient to establish that Allen was an impaired driver. Accordingly, we reverse.

2. Based on our holding in Division 1, we need not address the remaining claim of error.

*Judgment reversed. Andrews, P. J., and Mikell, J., concur.*

DECIDED AUGUST 30, 2002.

*Flynt & Flynt, Crisp B. Flynt*, for appellant.
Clinton D. Allen, *pro se.*
*Griffin E. Howell III, Solicitor-General*, for appellee.

---

[6] 255 Ga. App. 188 (564 SE2d 793) (2002).

[7] Id. at 189 (1).

[8] Although the trooper who arrested Allen opined that, at the time of the accident, Allen's blood alcohol concentration would have been 0.08 or higher, the trooper offered no facts to support this assertion. The trooper was neither offered nor qualified as an expert competent to testify about human metabolism of alcohol.

[9] *Ricks*, supra at 190 (1).