## S04A2076. WARE v. THE STATE.

(608 SE2d 643)

SEARS, Presiding Justice.

Appellant Jarvis Ware appeals his convictions for malice murder and concealing the death of another,[1] claiming the trial court erred by denying his motion to suppress evidence obtained after a search of his home conducted pursuant to a warrant. Our review of the record reveals that it contains neither a written order denying appellant's motion to suppress nor a transcript of the suppression hearing. Therefore, pursuant to our precedent, we must conclude that appellant has failed to show any error in the trial court's ruling. Finding the evidence sufficient to support appellant's convictions, we affirm.

The evidence of record shows that appellant and the victim, Sinney McMichael, were seen leaving a Dalton, Georgia, pool hall together on the night of September 12, 2002. After stopping to purchase crack cocaine, the couple went to appellant's home. Later that night, appellant's roommates discovered appellant cleaning the living room floor with bleach. The roommates also noticed that an area rug and slip cover had been removed from the living room. Appellant's nephew, Willis, testified that shortly after 2:30 a.m. on September 13, 2002, appellant appeared at his door, asking for help with "a body." Willis accompanied appellant to the latter's home, where he noticed blood stains and evidence of a struggle in the living room, as well as a strong smell of bleach. Willis then went to appellant's bedroom, where the victim's body lay on a bed. Willis helped appellant roll the body in a rug and move it to appellant's

---

[1] The crimes occurred on September 12-13, 2002, and appellant was indicted on April 24, 2003. Trial was held on July 21-24, 2003. Appellant was found guilty of malice murder and concealing the death of another, and sentenced to life in prison plus a consecutive ten-year prison term. Appellant's motion for new trial was filed on August 13, 2003, and denied on May 18, 2004. Appellant filed a notice of appeal on June 17, 2004, seeking a direct appeal to the Court of Appeals. The Court of Appeals transferred the appeal to this Court on August 18, 2004. See *State v. Thornton,* 253 Ga. 524 (322 SE2d 711) (1984). The appeal was docketed with this Court on August 19, 2004, and submitted for decision on the briefs.

truck, and then rode with appellant to a nearby dumpster, where they deposited the body. Authorities later determined that the victim had sustained blunt force trauma to the head and had died of ligature strangulation.

1. The evidence of record, construed most favorably to the verdict, was sufficient for rational triers of fact to find appellant guilty of malice murder and concealing the death of another.[2]

2. Based upon first-hand information obtained from Willis, authorities secured a warrant to search appellant's home, where they discovered the victim's blood stains and evidence of a struggle. Based upon this discovery, appellant was arrested. Charges were later filed. Before trial, appellant sought to suppress the evidence obtained during the search, claiming there was not probable cause to issue the warrant.

On appeal, appellant claims the trial court erred by denying the motion to suppress. The record, however, contains neither a written order denying appellant's motion nor a transcript of the suppression hearing conducted by the trial court.[3] An appellant has the burden of proving trial court error by the appellate record, and must compile a complete record of what transpired in the trial court.[4] Otherwise, there is not sufficient information for an appellate court's review and the trial court ruling enumerated as error must be upheld.[5] "[W]hen a portion of the evidence . . . bearing upon the issues raised by the enumerations of error is not brought up in the appellate record so that this court can make its determination from a consideration of it all, an affirmance as to that issue must result."[6] In this case, because appellant has failed to compile a record that demonstrates all that transpired in the trial court with regard to his suppression motion, we must presume that the evidence before the court supported its decision to deny the motion.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 7, 2005.

*Little, Bates & Kelehear, Sam F. Little*, for appellant.

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] The record does include the transcript of a pretrial hearing on an unrelated matter, at the beginning of which the trial court issued a ruling from the bench denying a motion to suppress that was argued before the court on June 26, 2003. However, other than the motion itself, no other information regarding appellant's suppression motion is included in the record.

[4] See *Clark v. State*, 271 Ga. 6, 10 (515 SE2d 155) (1999); *Malcolm v. State*, 263 Ga. 369, 371 (434 SE2d 479) (1993).

[5] *Malcolm*, 263 Ga. at 371; *Johnson v. State*, 261 Ga. 678, 679 (409 SE2d 500) (1991).

[6] *Malcolm*, 263 Ga. at 371.

*Kermit N. McManus, District Attorney, Thurbert E. Baker, Attorney General, Chad E. Jacobs, Assistant Attorney General,* for appellee.