## A05A0782. ALEWINE v. THE STATE.
(616 SE2d 472)

BERNES, Judge.

Following a trial by jury, appellant Ralph Wilson Alewine was convicted of driving under the influence of alcohol — less safe driver in violation of OCGA § 40-6-391 (a) (1). On appeal, Alewine challenges the sufficiency of the evidence and contends that the trial court erred in denying his motion to suppress and in refusing three requested jury instructions. We find no error and affirm.

1. When reviewing for sufficiency of the evidence, we view the evidence in the light most favorable to the verdict, and we neither assess the credibility of the witnesses nor reweigh the evidence. *Green v. State,* 244 Ga. App. 565, 565-566 (1) (536 SE2d 240) (2000). "As long as some competent evidence exists, even though contradicted, to support each fact necessary to make out the State's case, we will uphold the factfinder's verdict." (Citation and punctuation omitted.) *Childress v. State,* 251 Ga. App. 873, 876 (2) (554 SE2d 818) (2001).

So viewed, the jury was authorized to conclude that on May 5, 2001, at approximately 10:23 p.m., a Fulton County police officer observed Alewine driving a black Mercedes in the center turn lane of

---

Roswell Road when Alewine suddenly merged right into a northbound lane without using any turn signal. Without warning, Alewine then merged further right into the northbound lane in which the officer was driving and forced the officer to hit his brakes to avoid a collision. Immediately thereafter, the officer saw Alewine twice swerve over the solid line on the right side of the road and back into the northbound lane. The officer activated his emergency equipment and initiated a traffic stop on Alewine.

Alewine traveled another 800 to 1,000 feet before stopping. The patrol officer approached the vehicle and spoke to Alewine. Alewine smelled strongly of alcohol, his eyes were "a little glazed looking," his speech was slurred and he responded abrasively to the officer's questions. Alewine produced a Virginia driver's license but was unable to provide any proof of insurance. When the officer asked Alewine to step to the rear of the Mercedes, Alewine refused to respond to or comply with the officer's request.

Alewine's refusal prompted the officer to call for backup. As he did so, Alewine stepped out of his Mercedes and stood approximately a foot from his vehicle door. Alewine "was very rigid, kind of swaying back and forth, side to side," and "[o]nce or twice he had to use his hand to steady himself." The officer again asked Alewine to step to the rear of the Mercedes, and Alewine again failed to comply with the officer's request. After Alewine refused to submit to field sobriety tests, the officer placed Alewine under arrest for driving under the influence of alcohol. The officer read Alewine his implied consent warning pursuant to OCGA § 40-5-67.1 and asked Alewine whether he would submit to State-administered chemical testing. Alewine refused.

Construing the evidence in the light most favorable to the verdict, any rational trier of fact could have found appellant guilty beyond a reasonable doubt of driving under the influence of alcohol — less safe driver. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Alewine's erratic driving behavior and the physical manifestations discussed above provided sufficient evidence upon which the jury could convict him of the charged offense.

> In this case, evidence that defendant . . . smelled of alcohol, that defendant's speech was slurred, his eyes were [glassy], and his stance was unsteady, coupled with the officer's opinion of defendant's impaired driving abilities, is sufficient under the standard of *Jackson v. Virginia* . . . to authorize the jury's verdict that beyond a reasonable doubt defendant was under the influence of alcohol to the extent it was less safe for him to drive in violation of OCGA § 40-6-391 (a) (1), as alleged in the uniform traffic citation. *Williams v.*

*State*, 190 Ga. App. 361 (1) (378 SE2d 886) [(1989)].

*Davidson v. State*, 237 Ga. App. 580, 581 (1) (516 SE2d 90) (1999). "Additionally, the refusal to submit to a blood alcohol test created an inference that the test would reveal the presence of a prohibited substance and bears directly on the issue of the sufficiency of the evidence." (Citations and punctuation omitted.) *Stephens v. State*, 271 Ga. App. 634, 635 (610 SE2d 613) (2005).

Alewine nevertheless attacks the sufficiency of the evidence, primarily relying upon *Ricks v. State*, 255 Ga. App. 188 (564 SE2d 793) (2002). We find *Ricks* factually inapposite. In *Ricks*, the arresting officer did not observe the defendant engage in any erratic driving nor did he observe any manifestations of alcohol impairment. The defendant in *Ricks* was "polite and cooperative," "was not unsteady on his feet and did not stumble when he exited his car, his speech was not slurred, and he had no difficulty understanding instructions which [the officer] gave him." Id. at 189 (1).

In contrast, Alewine had to use his hand to steady himself, swayed back and forth after exiting his vehicle, had glassy eyes and slurred speech, repeatedly failed to respond to questions posed by the officer, and was abrasive when he did respond. Finally, Alewine was not simply observed speeding, as was the defendant in *Ricks*, but rather exhibited a pattern of erratic driving behavior that included pulling his vehicle in front of the officer, causing the officer to hit his brakes to avoid a collision, and on more than one occasion weaving over the right solid line. As *Ricks* is factually distinguishable, it has no application to this case.[1]

2. Alewine contends the trial court erred in denying his pretrial motion to suppress. While the record reflects that Alewine filed a motion to suppress, we find nothing in the record, nor has Alewine directed our attention to anything in the record, indicating that a

---

[1] In *State v. Batty*, 259 Ga. App. 431, 432 (577 SE2d 98) (2003), the only evidence presented and deemed credible by the trial court was that the defendant had an odor of alcoholic beverage on her breath and made an illegal right-hand turn. Moreover, the defendant had passed the field sobriety tests that were administered. And, in *Brinson v. State*, 232 Ga. App. 706, 707 (503 SE2d 599) (1998), the only evidence accepted by the trial court that the defendant was driving under the influence was his refusal to submit to a State-administered urine test. The evidence of Alewine's erratic driving behavior and physical manifestations far exceeded what was present in *Batty* or *Brinson*.

In *State v. Gray*, 267 Ga. App. 753, 756 (2) (600 SE2d 626) (2004), we refused to overturn the trial court's finding that the evidence presented by the State indicated that the defendant's impairment was caused, not by alcohol intoxication, but by the car accident that had occurred and the resulting explosion of an air bag in the defendant's face. Here, there was no car accident that could serve as an alternative explanation for Alewine's condition. Moreover, as in *Gray*, we defer to the factual findings concerning the cause of Alewine's impairment reached in the court below.

hearing was held or that the trial court ruled on the motion. "The burden is always on the appellant in asserting error to show it affirmatively by the record." (Citation and punctuation omitted.) *Kellam v. State*, 271 Ga. App. 125, 126 (608 SE2d 729) (2004). "Appellate courts exist to review asserted error but where the defendant . . . obtains no ruling of the trial court, the contended problem cannot be made the basis of appellate review as there is no ruling to review." (Citation omitted.) *Sanders v. State*, 179 Ga. App. 168, 169 (2) (345 SE2d 677) (1986). Thus, this allegation of error is without merit.[2]

3. (a) Alewine's final argument is that the trial court erred by failing to give three of his requested jury instructions. He first argues that the trial court erred by failing to give his Request to Charge No. 2 which provided:

> For the purposes of driving under the influence of alcohol — the so-called "less safe DUI" — as alleged in Count __, impaired driving ability depends solely upon an individual's response to alcohol, *regardless* of his or her blood alcohol level.

(Emphasis in original.) There was no evidence of Alewine's blood alcohol level in this case.

> [I]t has long been the rule in this state that a request to charge must be correct, even perfect, and that it must also be legal, apt, precisely adjusted to some principle involved in the case and be authorized by the evidence. . . . [I]t is never error to refuse to charge on an issue which is not adjusted to the evidence.

(Citation omitted.) *Jackson v. State*, 258 Ga. App. 806, 811 (5) (575 SE2d 713) (2002). Because there was no evidence of blood alcohol level in this case, the trial court did not err in refusing the requested charge.

(b) Alewine also contends that the trial court erred by refusing to charge the jury on his Request to Charge No. 7. That charge states:

> While a witness may give an opinion as to whether a person was under the influence of alcohol to the extent that it was

---

[2] Alewine contends that the trial court heard and orally denied his motion in July 2003, a fact disputed by the State. Assuming arguendo such a hearing took place, no transcript of the hearing appears in the record. We would therefore be compelled to presume that the evidence before the trial court supported its decision to deny the motion. *Ware v. State*, 279 Ga. 17, 18 (2) (608 SE2d 643) (2005).

less safe for him/her to drive, that opinion, if supported by sufficient evidentiary foundation, does not establish any fact as a matter of law and you the jury are not bound by that opinion.

Alewine contends that this charge was essential in order to ensure that the jury realized that it was not bound by the police officer's opinion that Alewine was under the influence of alcohol to the extent that it was less safe for him to drive.

However, our review of the record reveals the trial court's general charge on the credibility of witnesses sufficiently instructed the jury that it was not bound by the testimony of any witness.[3] "Where the charge given substantially covers the applicable principles, failure to give requested instructions in the exact language requested is not error." (Citation and punctuation omitted.) *Birge v. State*, 143 Ga. App. 632, 639 (11) (239 SE2d 395) (1977).

(c) Finally, Alewine asserts that the trial court should have given his Request to Charge No. 12, which reads:

The facts necessary to establish probable cause for arrest are much less than those required to prove guilt beyond a reasonable doubt at trial.

We disagree that such an instruction was warranted. A trial court is not required to charge the jury on a proposed instruction that is confusing or inappropriate. *Buckalew v. State*, 249 Ga. App. 134, 138 (5) (547 SE2d 355) (2001). Whether there is sufficient probable cause for an arrest is an issue for resolution by the trial court, not the jury. See *Smith v. State*, 265 Ga. App. 756, 758 (3) (596 SE2d 13) (2004). Thus, instructing the jury on probable cause would have risked confusing the jury on the burden of proof required for conviction. *Lewis v. State*, 214 Ga. App. 830, 833 (3) (449 SE2d 535) (1994). Furthermore, the trial court adequately instructed the jury on the presumption of innocence, the burden of proof, and reasonable doubt. It follows that the trial court adequately covered the evidentiary principles underlying Alewine's requested charge, and, therefore, no reversible error occurred. See id.

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

---

[3] The trial court charged: "It is for you to determine what witness or witnesses you will believe, and which witness or witnesses you will not believe if there are some you do not believe. In this case we have just one witness."

634

*Head, Thomas, Webb & Willis, William C. Head*, for appellant.
*Carmen D. Smith, Solicitor-General, Jody L. Peskin, Teri B. Walker, Assistant Solicitors-General*, for appellee.