A07A2102. DODDS v. THE STATE.
(653 SE2d 828)

BLACKBURN, Presiding Judge.

Following a stipulated bench trial, Caleb Dodds was convicted of violating OCGA § 40-6-391 (k) (1) (underage DUI per se), which prohibits a person under the age of twenty-one from driving while having, from prior alcohol consumption, a blood alcohol concentration of 0.02 grams or more within three hours of the driving. On appeal, Dodds contends that the trial court erred in denying his motion to

---

suppress his test results, because the arresting officer lacked probable cause to arrest him. We disagree and affirm.

> While the trial court's findings as to disputed facts in a ruling on a motion to suppress will be reviewed to determine whether the ruling was clearly erroneous, where the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review.

(Citations omitted.) *Vansant v. State.*[1] As the evidence here is undisputed, we review the trial court's ruling de novo.

At the suppression hearing, the evidence showed that at approximately 3:20 a.m., a police officer observed Dodds driving a car with the registration sticker covered by a frame around the license plate.[2] The officer stopped the vehicle and asked Dodds for his driver's license. As the officer spoke to Dodds, the officer noticed the smell of alcohol coming from inside the vehicle. After noticing that Dodds's driver's license indicated that Dodds was under 21 years old, the officer asked Dodds if he had been drinking. Dodds replied that he had consumed "about two beers . . . a little bit earlier." The officer then asked Dodds to step outside of his vehicle, and as they spoke further, the officer noticed the smell of alcohol coming from Dodds's person.

The officer then sought and received Dodds's consent to perform an alco-sensor test, which registered positive for alcohol. (However, during the suppression hearing, upon Dodds's objection, the officer could not testify as to the foundation of the test result, and the trial court excluded from consideration the positive result of the alco-sensor test.[3]) After administering the alco-sensor test, the officer placed Dodds under arrest "for driving under the influence of alcohol, driving under the influence per se." The officer did not have Dodds perform any field sobriety tests. He then handcuffed Dodds and read him the implied consent notice for suspects under the age of 21. Dodds consented and ultimately tested 0.096 on the Intoxilyzer 5000 at the county jail.

Dodds was charged with DUI less safe[4] and with violating OCGA § 40-6-391 (k) (1), which prohibits a person under the age of 21 from driving with a blood alcohol concentration of 0.02 grams or more.

---

[1] *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994).

[2] See OCGA § 40-2-6 (prohibiting operation of a motor vehicle with any license plate marking concealed).

[3] That ruling was not appealed, nor do we address it here.

[4] OCGA § 40-6-391 (a) (1).

Dodds moved to suppress the evidence arising from the arrest, contending that the arresting officer lacked probable cause to arrest him for DUI. The trial court first ruled that the officer lacked probable cause to arrest Dodds for DUI less safe (because Dodds did not commit a moving violation and there was no showing that Dodds otherwise appeared impaired), but also ruled that the officer did have probable cause to arrest Dodds for the violation of OCGA § 40-6-391 (k) (1) (underage DUI per se). Accordingly, the trial court denied Dodds's motion to suppress. Following a stipulated bench trial, Dodds was convicted on one count of violating OCGA § 40-6-391 (k) (1), giving rise to this appeal.

Dodds contends that, absent an admissible chemical test or evidence of some physical manifestation of intoxication, the trial court erred in ruling that the officer had probable cause to arrest him for any DUI offense. We disagree.

To justify a warrantless arrest, as occurred here,

> the arresting officer [must have] probable cause to believe the accused has committed or is committing an offense. Probable cause exists if the arresting officer has reasonably trustworthy information that would allow a reasonable person to believe the accused committed a crime.

(Citation and punctuation omitted.) *Brown v. State*.[5]

Here, Dodds does not challenge the initial traffic stop based on the obscured license plate. Instead, Dodds contends that the officer lacked probable cause to arrest him because the police officer could not identify any outward manifestations of Dodds's impairment as a driver. However, the offense for which Dodds was arrested was a per se violation of the DUI statute, which, for persons under 21 years old, provides as follows:

> [a] person under the age of 21 shall not drive or be in actual physical control of any moving vehicle while the person's alcohol concentration is 0.02 grams or more at any time within three hours after such driving or being in physical control from alcohol consumed before such driving or being in actual physical control ended.

OCGA § 40-6-391 (k) (1). Contrary to OCGA § 40-6-391 (a) (1) (DUI less safe), impaired driving ability is not an element of the crime for which Dodds was arrested, i.e., a violation of OCGA § 40-6-391 (k) (1).

---

[5] *Brown v. State*, 278 Ga. 724, 727 (2) (609 SE2d 312) (2004).

Cf. *Ricks v. State*[6] ("[u]nder OCGA § 40-6-391 (a) (1), impaired driving ability is an element of the crime").

In undisputed testimony, the arresting officer explained that he smelled alcohol on Dodds's person, and that Dodds, who was nineteen years old, admitted to the officer that he had consumed two beers "a little bit earlier." Thus, the officer had trustworthy information that Dodds, whom the officer had observed driving, had recently consumed two beers before driving.

Based on these facts, we conclude that the trial court correctly ruled that the officer had probable cause to believe that Dodds had violated OCGA § 40-6-391 (k) (1). The officer did not need to show a reason to believe that Dodds was a less safe driver, or that he was impaired; he needed only to show reason to believe that Dodds, a nineteen-year-old, had a blood alcohol concentration of 0.02 within three hours of driving (from the alcohol he consumed prior to driving).[7] In light of Dodds's admission that he had two beers "a little bit earlier," and the smell of alcohol the officer perceived from Dodds's person, the trial court correctly concluded that the officer had probable cause to believe Dodds had violated OCGA § 40-6-391 (k) (1).

*Judgment affirmed. Ruffin and Bernes, JJ., concur.*

DECIDED NOVEMBER 5, 2007 — 

*James M. Mullis*, for appellant.
*Richard W. Shelton, Solicitor-General*, for appellee.

---

[6] *Ricks v. State*, 255 Ga. App. 188, 189 (1) (564 SE2d 793) (2002).

[7] This is consistent with OCGA § 40-6-392 (b) (1), which permits an inference that a person with a blood alcohol concentration of 0.05 grams or less is not intoxicated, for purposes of OCGA § 40-6-391 (a) (1). See *Ricks v. State*, supra, 255 Ga. App. at 190 (1) ("[t]he fact that [the defendant] had a reading of 0.05 on the Intoxilyzer 5000 test does not establish, or even raise a presumption, that Ricks was so impaired by alcohol that he was a less safe driver under the charges against him").