## S05A0832. SMITH v. THE STATE.
### (614 SE2d 65)

CARLEY, Justice.

Theodore Smith was tried before a jury and found guilty of the felony murder of Lula Tekle while in the commission of aggravated assault, a separate count of aggravated assault against Carlton Hill, and two counts of possession of a firearm during commission of a crime. The trial court entered judgments of conviction on these verdicts and sentenced Smith to life imprisonment for felony murder, a fifteen-year term for aggravated assault, and consecutive five-year terms for each count of firearm possession. Smith appeals.[1]

Construed in support of the verdicts, the evidence, including eyewitness testimony, shows that Smith, Hill, and others began to argue in the parking lot of a bar. Smith ran towards Hill, drew a pistol, and pointed it in the direction of Hill, who ducked. At that instant, a shot was fired from Smith's gun, striking and fatally wounding Ms. Tekle.

Smith contends that the evidence was not sufficient to convict him of aggravated assault on Ms. Tekle, and that the trial court erroneously denied his motion for directed verdict of acquittal on that count. He relies on the absence of any evidence that Ms. Tekle was ever in apprehension of receiving harm from Smith. However, where, as here, " 'the "assault" at issue consists of an attempt to commit a violent injury to the person of another, awareness on the part of the victim is not an essential element of the crime. (Cits.)' [Cit.]" *Goforth v. State*, 271 Ga. 700, 701-702 (3) (523 SE2d 868) (1999). Furthermore,

> "(w)hen an unintended victim is struck down as a result of an unlawful act actually directed against someone else, the law prevents the actor from taking advantage of his own wrong and transfers the original intent from the one against whom it was directed to the one who actually suffered from it." [Cit.]

*Happoldt v. State*, 267 Ga. 126, 127 (1) (b) (475 SE2d 627) (1996). Testimony at trial established that Smith shot at Hill intending to commit a violent injury against him and that the bullet struck Ms. Tekle instead. *Happoldt v. State*, supra.

---

[1] The crimes occurred on September 20, 2002, and the grand jury returned its indictment on November 22, 2002. The jury found Smith guilty on March 2, 2004 and, on March 5 and 29, 2004, the trial court entered the judgments of conviction and sentences. Smith filed a notice of appeal on March 31, 2004. The case was docketed in this Court on February 1, 2005 and submitted for decision on March 28, 2005.

Smith further contends that the evidence was insufficient to convict him of aggravated assault on Hill because the State did not offer any evidence to negate Smith's defense that he felt threatened and was justified in pulling out his gun. Whether the circumstances of the confrontation "were such as to excite the fears of a reasonable person that he had to use deadly force in order to prevent the use of deadly force against him is a question for the jury. [Cit.]" *Andrews v. State*, 267 Ga. 473, 474 (1) (480 SE2d 29) (1997). Hill was unarmed, and several eyewitnesses testified that Smith shot at Hill under circumstances disproving the justification defense beyond a reasonable doubt. *Morgan v. State*, 275 Ga. 222 (1) (564 SE2d 192) (2002); *Andrews v. State*, supra; *Reeves v. State*, 258 Ga. 619, 620 (1) (373 SE2d 16) (1988).

After reviewing the evidence, we conclude that it was sufficient to authorize the jury to find Smith guilty beyond a reasonable doubt of each crime for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgments affirmed. All the Justices concur.*

DECIDED JUNE 6, 2005.

*Sherwood & Sherwood, Harrison B. Sherwood*, for appellant.

*J. David Miller*, District Attorney, *Thurbert E. Baker*, Attorney General, *Robin J. Leigh, Julie A. Adams*, Assistant Attorneys General, for appellee.

