## A08A0830. McKINNEY v. THE STATE.
(667 SE2d 210)

BARNES, Chief Judge.

Peter Rene McKinney appeals his conviction for felony possession of marijuana. McKinney contends the trial court erred in denying his motions for directed verdict and new trial because the circumstantial evidence admitted at trial was insufficient to prove his guilt beyond a reasonable doubt. He also contends the trial court erred in denying his motion to suppress because the arresting officer illegally detained him by asking for consent to search his vehicle. Finding no error, we affirm.

On appeal from a criminal conviction, the evidence must be viewed in a light most favorable to the verdict, and the appellant no longer enjoys a presumption of innocence. Moreover, on appeal, this court determines sufficiency of the evidence; we do not weigh the evidence or determine witness credibility. The standard of review is whether, based on the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Johnson v. State*, 239 Ga. App. 886 (522 SE2d 478) (1999).

Viewed in this light, the evidence shows that a certified canine handler deputy sheriff stopped McKinney for speeding in Camden County. Because McKinney was driving a rental car, he gave the deputy a copy of the rental agreement in lieu of proof of insurance. When the deputy saw that McKinney's name was not on the agreement, and the passenger in the car gave the deputy a different name than McKinney had given him, he grew suspicious. The deputy ran a license check and wrote McKinney a warning for speeding. While the deputy was waiting for the license information and another officer to arrive, he asked McKinney if there was anything illegal in the car and for consent to search it. McKinney responded that there was nothing illegal in it, but declined to consent to a search of the vehicle. McKinney, however, did say that the deputy could walk his dog around the vehicle. The dog made a positive alert by scratching the vehicle in two places and then climbing into the

420

back seat. The deputy then searched the car and found a ziplock bag containing approximately 12 ounces of marijuana in the trunk. The deputy arrested McKinney and the passenger for felony possession of marijuana.

At trial, the deputy testified that when he found the marijuana, McKinney said, "How did that get there?", and that the passenger said the marijuana was not hers and she knew nothing about it. The deputy also testified that at the police station later that night, McKinney told him the marijuana was his and that the passenger knew nothing about it. McKinney testified at trial, however, that he did not put the marijuana in the trunk, he had never seen it before, and he never told the deputy the marijuana was his. The jury found him guilty of felony possession of marijuana, and the trial court denied his motion for new trial. This appeal follows.

1. McKinney contends the trial court erred in denying his motion for directed verdict of acquittal and motion for new trial because the circumstantial evidence admitted at trial was insufficient to find him guilty beyond a reasonable doubt. To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused. OCGA § 24-4-6. McKinney argues the State failed to meet this burden because no direct evidence admitted at trial showed that McKinney possessed the marijuana; the trunk and bag containing the marijuana were never fingerprinted, and the only evidence that the marijuana was his was the deputy's testimony at trial. He also argues that others had equal access to the vehicle, as he was driving a rental car and there was a passenger in it.

However, we cannot say that as a matter of law there was insufficient evidence from which a jury could find McKinney guilty. The deputy found the marijuana in the trunk of McKinney's rental car. The deputy testified at trial that McKinney told him that the marijuana was his, and the passenger stated she knew nothing about it and it was not hers. Based on this evidence, the jury was authorized to find McKinney guilty, even though McKinney testified that he never made that admission to the deputy and the marijuana was not his.

It is well established that "the testimony of a single witness is generally sufficient to establish a fact." (Punctuation and footnote omitted.) *Morrison v. State*, 272 Ga. App. 34, 41 (5) (611 SE2d 720) (2005); OCGA § 24-4-8; see also *Smith v. State*, 276 Ga. App. 677, 678 (1) (624 SE2d 272) (2005). Additionally, it is the jury's duty as factfinder to weigh the evidence presented at trial and to determine

the credibility of the witnesses. *Tate v. State*, 264 Ga. 53, 56 (3) (440 SE2d 646) (1994). It is not obligated to believe any witness, and it may accept or reject any portion of a witness's testimony. Id. Furthermore, resolving conflicts in the witnesses' testimony is a question of credibility for the jury to resolve, and as long as some evidence supports each necessary element, even if contradicted, the jury's verdict will be upheld. *Grier v. State*, 218 Ga. App. 637, 638 (1) (463 SE2d 130) (1995). Therefore, we hold that sufficient evidence existed for a jury to find beyond a reasonable doubt that McKinney was guilty of the offense charged. Accordingly, the trial court did not err by denying McKinney's motion for directed verdict and motion for new trial.

2. McKinney also contends the trial court erred in denying his motion to suppress and motion for reconsideration. He argues that the deputy illegally detained him because the deputy did not have a reasonable articulable suspicion of criminal activity. We cannot reach this issue, however, because McKinney has failed to provide a transcript of the hearing and the court's order denying the motion.

> An appellant has the burden of proving trial court error by the appellate record, and must compile a complete record of what transpired in the trial court. Otherwise, there is not sufficient information for an appellate court's review and the trial court ruling enumerated as error must be upheld. When a portion of the evidence bearing upon the issues raised by the enumerations of error is not brought up in the appellate record so that this court can make its determination from a consideration of it all, an affirmance as to that issue must result. In this case, because appellant has failed to compile a record that demonstrates all that transpired in the trial court with regard to his suppression motion, we must presume that the evidence before the court supported its decision to deny the motion.

(Punctuation and footnotes omitted.) *Ware v. State*, 279 Ga. 17, 18 (2) (608 SE2d 643) (2005). Thus we find no error in the trial court's denial of McKinney's motion to suppress.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED AUGUST 26, 2008.

*C. Darrell Gossett*, for appellant.

YALE LAW LIBRARY

*Stephen D. Kelley, District Attorney, William S. Hart, Assistant District Attorney*, for appellee.