**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**November 7, 2013**

# In the Court of Appeals of Georgia

A13A0657. LUKE v. THE STATE.

Boggs, Judge.

Following a joint trial with co-defendants Tchywaskie Jones and Jerry Harris, Dabkowski Luke appeals from his convictions of aggravated assault and a violation of the Georgia Street Gang Terrorism and Prevention Act, OCGA § 16-15-1 et seq. Luke asserts several errors, including that insufficient evidence supports his convictions and that the trial court erred by failing to grant a mistrial when the State used facts not in evidence during its closing argument. Based upon the Supreme Court of Georgia's recent opinion involving the appeal of his co-defendant Jones,[1] we reverse his conviction under the Street Gang Act based upon insufficient evidence. We grant a new trial on his conviction for aggravated assault based upon

---

[1] *Jones v. State*, 292 Ga. 656 (740 SE2d 590) (2013).

our conclusion that sufficient evidence supports his conviction, but the trial court erred in failing to grant a mistrial.

1. The evidence introduced against Luke with regard to his Street Gang Act conviction is identical to that which the Supreme Court found insufficient to support Jones' Street Gang Act conviction in the same trial. *Jones*, supra, 292 Ga. at 659-660 (1) (b). We therefore conclude that insufficient evidence also supports Luke's conviction under the Street Gang Act. Id.

2. The Supreme Court summarized the aggravated assault evidence against Jones as follows:

> Jones went to the pool with his firearm and several accomplices to settle a dispute, that he and his accomplices loaded weapons as they approached the pool, that they arrived at the pool at roughly the same time as Harris, that a gunfight ensued between Harris, on the one hand, and Jones and his accomplices, on the other, and that Jones participated in the gunfight by firing his weapon. Although it is undisputed that [the innocent bystander] was shot by Harris, OCGA § 16-2-20 (a) provides that "[e]very person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime." Jones is correct, of course, that mere presence or approval of a criminal act is not sufficient to render one a party to the crime, and a conviction as a party to a crime requires proof that the defendant shared a common criminal intent with the principal perpetrator of the crime.

2

But criminal intent is a question for the jury, and it may be inferred from that person's conduct before, during, and after the commission of the crime. *Perkinson v. State*, 273 Ga. 814, 816 (546 SE2d 501) (2001); see also *Brown v. State*, 291 Ga. 887, 888 (1) (734 SE2d 41) (2012); *Pruitt v. State*, 282 Ga. 30, 32 (1) (644 SE2d 837) (2007); *Eckman v. State*, 274 Ga. 63, 65 (1) (548 SE2d 310) (2001); *Jordan v. State*, 272 Ga. 395, 396 (1) (530 SE2d 192) (2000). From the circumstances proven in this case, a rational jury could have inferred that Jones shared a common criminal intent with Harris to engage in a gunfight in the presence of the innocent bystanders at the pool. See *Emmanuel v. State*, 300 Ga. App. 378, 380 (1) (685 SE2d 361) (2009). And even though the [bystander] evidently was not an intended victim of the gunfight, the evidence was sufficient for a rational trier of fact to find that Jones was a party to the crime of aggravated assault under the doctrine of transferred intent. See id. See also *Hendricks v. State*, 290 Ga. 238, 240 (1) (719 SE2d 466) (2011); *Smith v. State*, 279 Ga. 423 (614 SE2d 65) (2005) ("[W]hen an unintended victim is struck down as a result of an unlawful act actually directed against someone else, the law prevents the actor from taking advantage of his own wrong and transfers the original intent from the one against whom it was directed to the one who actually suffered from it.") (citation and punctuation omitted); *Perry v. State*, 276 Ga. 836, 837 (1) (585 SE2d 614) (2003) (evidence sufficient to sustain appellants' convictions for aggravated assault (and other charges) either directly or as a party to the crime where one of the appellants fired a weapon during a dispute with a rival group and two innocent bystanders were shot). Accordingly, the evidence adduced at trial is legally sufficient to sustain the aggravated assault conviction.

Luke contends that this court should nonetheless conclude that insufficient evidence supports his aggravated assault conviction[2] because there was no evidence showing that he participated in the gunfight and the circumstantial evidence against him did not exclude every reasonable alternative hypothesis of innocence.

Viewed in the light most favorable to the verdict, the record shows that Luke, Jones, Jarnay Evans, and others drove together to a pool "to fight because they were upset about [Luke]'s son being hit" accidentally in the face during an altercation between two groups of women at the pool. During the altercation, men were encouraging a group of women to fight with another group that included Luke's girlfriend. Luke learned about the incident after Luke's girlfriend called him and told him what had happened to his son.

According to a statement provided by Evans, Jones, Luke, Evans, and their other companions did not go to the pool to shoot anyone, but instead to fight with any men who may have been responsible for the earlier incident. The record also shows that during the drive to the pool, Jones asked for "some .22 ammo" because he had

---

[2] The indictment alleged that Luke committed aggravated assault with a handgun against the victim bystander as a party to the crime. As the Supreme Court noted, "it is undisputed that [the bystander] was shot by Harris." *Jones*, 292 Ga. at 658 (1) (a).

4

only one bullet, but no one in the car had any to give him. According to Evans, no one in his group had a weapon out and they were "fixing to leave" when Harris started firing at their group.

An off-duty police officer who observed the shoot-out testified that the shooting began within two minutes after the vehicle carrying Luke, Jones, and Evans arrived at the pool. He testified that he was "mainly focused" on Harris before the shooting began because he saw him walk past with what appeared to be a weapon in his pants. Harris began shooting after Luke, Jones, and Evans got out of their car. The officer did not see anyone else with a gun in their hand because he was focused on Harris; he was not looking at Luke, Jones, and Evans when Harris began firing.

We find this evidence sufficient to support the jury's decision to find Luke guilty of aggravated assault as a party to the crime. "Whether a defendant was a party to the crime and aided and abetted in the commission of a crime is a matter for the trier of fact." *Cook v. State*, 314 Ga. App. 289, 291 (723 SE2d 709) (2012). Additionally, "it is the jury's duty as factfinder to weigh the evidence presented at trial and to determine the credibility of the witnesses. It is not obligated to believe any witness, and it may accept or reject any portion of a witness's testimony." *McKinney v. State*, 293 Ga. App. 419, 420-421 (1) (667 SE2d 210) (2008).

5

Here, a rational jury could have concluded that Luke and Jones went to the pool for the purpose of engaging in a gunfight based upon evidence showing that they, along with their other companions, planned to fight after learning about the injury to Luke's son and that Jones sought ammunition for his weapon during the drive to the pool. As this court has previously noted, sufficient evidence supports an aggravated assault conviction even though "the defendant, while present during the crime, did not verbally threaten the victim, did not hold, shoot, or supply the gun used, and claimed no advance knowledge of the crime." *Cook*, supra, 314 Ga. App. at 293. See also *Garcia v. State*, 290 Ga. App. 164, 165 (2) (658 SE2d 904) (2008) (affirming aggravated assault conviction as party to crime even though appellant did not participate in the shooting). "Proof that the defendant shares a common criminal intent with the actual perpetrators is necessary, and may be inferred from the defendant's conduct before, during, and after the crime." Id.

We find no merit in Luke's contention that insufficient evidence supports his conviction because the circumstantial evidence against him did not exclude every reasonable hypothesis other than guilt. This rule applies "only where the evidence is entirely circumstantial." *Emerson v. State*, 315 Ga. App. 105, 114 (4) (726 SE2d 600) (2012). In this case, the State presented direct evidence that Luke went to the pool

6

with Jones for the purpose of fighting and that Jones asked for ammunition during the drive to the pool. See id.

3. Having concluded that sufficient evidence supports Luke's aggravated assault conviction, we must nonetheless grant him a new trial on this charge based upon the Supreme Court's holding that Jones was entitled to a new trial as a result of the prosecutor's statements during closing argument that Jones was involved in a gang shooting in an unrelated incident. See *Jones*, supra, 292 Ga. at 660-662 (2). Luke raises the same error in this appeal, requested a mistrial on the same ground below, and when the trial court denied the motion, requested a curative instruction. Luke also objected that the trial court's curative instruction was inadequate.

While the prosecutor's improper comment referred to an incident involving only Jones, we cannot say that it was harmless with regard to Luke. The evidence against Luke was not overwhelming, and there was no evidence presented that he was associated with a gang or that the shooting was gang related. See id. at 662 (2) n.9. But the State charged Luke with a violation of the Street Gang Act and argued at trial that Jones, Luke and others were members of a gang and that the shooting was gang related, and in doing so focused upon evidence that Luke traveled to the pool with Jones, lived with Jones, and that Jones' .22 caliber pistol was found outside their

7

home. Because the State presented argument connecting Jones and Luke to one another and to gang-related activity, we cannot conclude that the improper argument concerning Jones' involvement in an unrelated gang shooting was harmless to Luke. Under these circumstances, just as the improper argument required reversal of Jones' aggravated assault conviction, see id. at 662 (2), it also requires reversal of Luke's conviction.

We accordingly reverse Luke's aggravated assault conviction.

*Judgment reversed. Doyle, P. J., and McFadden, J., concur.*